### J. H. SMITH v. PAGE TRUST COMPANY.

(Filed 22 February, 1928.)

**Usury—Evidence—Parol Evidence.**

In an action to recover the amount of usury alleged to have been charged in a transaction, for which the plaintiff has given his note reciting that the maker was justly indebted in the principal sum named, it may be shown by a parol contemporaneous agreement, as not coming within the statute of frauds, that the payee was to sell the note at an amount less than therein stated for the maker, and that he himself received no part of the discount that would bring him within the intent and meaning of the usury charge complained of.

CIVIL ACTION, before *Daniels, J.,* at October Term, 1927, of NASH.

The plaintiff alleged and offered evidence tending to prove that on or about 1 April, 1920, he applied to the defendant for a loan of $13,000, the notes evidencing same to be secured by a deed of trust upon his land, and that the defendant through its president, J. R. Page, informed him that it had plenty of money and would make the loan. Thereupon the plaintiff executed and delivered to the defendant thirteen bonds for $1,000 each, and secured the payment thereof by a deed of trust upon his land. The deed of trust was made by the plaintiff and his wife as parties of the first part to Thomas B. Wilder, party of the second part, trustee, and Page Trust Company, party of the third part. Thomas B. Wilder was attorney for the defendant trust company. The deed of trust recited that the parties of the first part "are justly indebted to said Page Trust Company for money borrowed in the sum of $13,000, for which the said J. H. Smith has executed and delivered to said Page Trust Company thirteen bonds of even date with this deed in the sum of $1,000 each." Thereafter $11,700 was placed to the credit of the plaintiff. Plaintiff contends that he was charged a bonus of $1,300 for making this loan, and that such charge constituted usury. The defend-

ant alleged and offered evidence tending to prove that at the time plaintiff made application for the loan he was informed that the defendant had no money to make the loan and that it would take the notes or bonds executed by plaintiff and sell said securities to the best advantage, guaranteeing that said sale would yield an amount equal to ninety cents on the dollar for said bonds. That in accordance with such agreement the defendant received the bonds from the plaintiff, and thereupon sold them to Page and Company at ninety cents on the dollar, which aggregated $1,300 discount, and that Page and Company, a partnership, resold the bonds to the Virginia Trust Company for ninety-six cents, and that the defendant had not received any profit whatever on the transaction.

The plaintiff contended that the president of Page Trust Company, a corporation, was a partner in Page and Company, which was a partnership; that practically all of the capital stock of Page Trust Company was owned by members of the Page family, and that the partners constituting the partnership of Page and Company were practically the identical persons who owned the stock of the corporation, and that therefore Page and Company, the partnership, in selling said bonds of plaintiff, was a mere dummy for the purpose of evading the usury law, and that the purported sale of the bonds by the Page Trust Company to Page and Company was a scheme and device for the collection of usury.

The following issues were submitted to the jury:

1. Did defendant, the Page Trust Company, knowingly take, receive, reserve or charge J. H. Smith a greater rate of interest than six per centum, as alleged in the complaint?

2. What amount of penalty, if any, is plaintiff entitled to recover of the defendant for usurious interest paid?

The jury answered the first issue No, and did not answer the second issue.

Upon the verdict as rendered there was judgment for the defendant and the plaintiff appealed.

*Gatling, Morris & Parker for plaintiff.*
*Cooley & Bone for defendant.*

BROGDEN, J. The plaintiff insists that evidence of the defendant to the effect that it received said bonds for the purpose of reselling them to the best advantage, was not competent, for the reason that it contradicted the express language of the deed of trust which recited that "the said parties of the first part are justly indebted to said Page Trust Company for money borrowed in the sum of $13,000, for which the said J. H. Smith has executed and delivered to said Page Trust Company

thirteen bonds of even date with this deed in the sum of $1,000 each." We hold the evidence competent. The principle of law applicable was stated in *Bank v. Winslow,* 193 N. C., 470, as follows: "And in *Typewriter Co. v. Hardware Co.,* 143 N. C., 97, it was held that when a promissory note is given, payable in money, parol evidence may be received tending to establish as a part of the contract a contemporaneous agreement that a different method of payment should be accepted."

So, that, in the case at bar there was evidence tending to show a contemporaneous agreement between the parties that the defendant should not pay to the plaintiff the money specified in the bonds and deed of trust, but that the defendant was authorized to sell said bonds at a discount of not more than ten per cent for the use and benefit of the plaintiff.

It is now thoroughly established that the usury law cannot be evaded by any cloak, device or subterfuge, but the trial judge instructed the jury fully and accurately upon every phase of the case, and the jury has accepted the defendant's version of the transaction, and the judgment upon said verdict is affirmed.

No error.