WACHOVIA BANK AND TRUST COMPANY, Executor of the Estate of
J. W. EBERT, Deceased, v. GROVER V. EBERT and His Wife, PAUL-
INE B. EBERT.

(Filed 10 January, 1934.)

1. **Appeal and Error J e—Error, if any, in trial of issue or in admission of evidence in regard thereto held harmless in view of answer of issue by consent.**

   Where one of the issues between the parties is answered by consent, and as to that issue there is no controversy between the parties, error, if any, in the trial of the issue, or error in the exclusion of evidence tending to impeach the testimony of one of the witnesses in respect to such issue, would not be prejudicial and would not entitle appellants to a new trial.

2. **Trial D a: Bills and Notes H b—Burden of proof on plea of cancellation of note is on defendant, and nonsuit may not be entered in his favor.**

   Where in an action on a note defendants set up the defense that the plaintiff's testator, the payee of the note, canceled and surrendered the note during his lifetime, the burden of the issue is on defendants, and where this is the determinative issue they are not entitled to a granting of their motion as of nonsuit.

3. **New Trial B g—**

   Affidavits in this case held insufficient to support defendants' motion in the trial court for a new trial for newly discovered evidence, and ordinarily such motion is addressed to the sound discretion of the trial court.

Appeal by both plaintiff and defendants from *Sink, J.,* at June Term, 1933, of Forsyth. Reversed.

This is an action to recover on a note for $6,500, executed by the defendants and payable to the order of the plaintiff's testator. The consideration for said note was money loaned by said testator to the defendants. In their answer the defendants admitted the execution of the note set out in the complaint, and alleged in defense of the action that plaintiff's testator in his life time canceled and surrendered said note to them.

The action was begun and tried in the Forsyth County Court on issues submitted to the jury and answered as follows:

"1. Did the defendants execute and deliver their promissory note to J. W. Ebert, deceased, as alleged in the complaint? Answer: Yes (by consent).

2. Did J. W. Ebert in his life time tear the signatures from said note with intent to cancel the same? Answer: No.

3. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: $6,500, with interest at 4 per cent per annum from 8 October, 1930."

From judgment that plaintiff recover of the defendants the sum of $6,500, with interest at 4 per cent per annum, and the costs of the action, the defendants appealed to the Superior Court of Forsyth County, assigning errors in the trial. At the hearing of this appeal, the judgment was reversed. The action was remanded to the Forsyth County Court for a new trial, and both plaintiffs and defendants appealed to the Supreme Court.

*Ratcliff, Hudson & Ferrell for plaintiff.*
*Parrish & Deal for defendants.*

CONNOR, J. The defendants at the trial of this action in the Forsyth County Court admitted the execution of the note set out in the complaint as alleged therein. There was no controversy between the plaintiff and the defendants with respect to the answer to the first issue. This issue was answered by the jury, "Yes (by consent)." For this reason, defendants' assignments of error, on their appeal to the Superior Court, Nos. 1, 2 and 4, with respect to the trial of the first issue, were properly overruled. Conceding without deciding that there were errors with respect to the trial of this issue, as contended by defendants, such errors were manifestly not prejudicial to the defendants, and for that reason did not entitle them to a new trial.

The burden on the second issue, the answer to which is determinative of the action, was on the defendants. For this reason, there was no error in the refusal of the trial court to allow defendants' motion for judgment as of nonsuit at the close of the evidence, or in the instruction of the court to the jury to that effect. *Stockton v. Lenoir,* 201 N. C., 88, 158 S. E., 856.

By their third assignment of error on their appeal to the Superior Court, the defendants presented their contention that there was error in the exclusion of testimony offered by them for the sole purpose of impeaching a witness who had testified for the plaintiff. This testimony was pertinent only to the first issue. For this reason, conceding but not deciding that the exclusion of this testimony was error, such error was not prejudicial to the defendants, and for that reason did not entitle them to a new trial. In the Superior Court, this assignment of error was sustained, and for that reason the judgment of the county court was reversed, and the action remanded for a new trial. In this there was error, as contended by plaintiff on its appeal to this Court. Defendants' assignment of error No. 3, on their appeal to the Superior

Court should have been sustained, and the judgment of the county court should have been affirmed.

The motion of the defendants in the Superior Court for a new trial for newly discovered evidence was properly denied. The affidavits filed by the defendants in support of their motion fail to disclose sufficient grounds for a new trial for newly discovered evidence. Ordinarily this motion is addressed to the discretion of the trial court, and is not subject to review by the appellate court.

An examination of the record in this appeal discloses no error of law in the trial court for which the defendants were entitled to a new trial. The jury found from evidence and under instructions to which there were no objections or exceptions that the payee of the note which defendants executed and delivered to him did not in his life time cancel and surrender the note to them. The defendants failed to sustain the only defense offered by them to plaintiff's recovery in the note. The judgment of the Superior Court reversing the judgment of the county court and remanding the action to said court for a new trial, is

Reversed.