TYPEWRITER COMPANY v. HARDWARE COMPANY.

(Filed November 13, 1906).

*Contracts—Collateral Agreements—Parol Evidence—Prin-
cipal and Agent—Admissions—Instructions—Harmless
Error.*

1. It is competent to show, by oral evidence, a collateral agreement as
   to how an instrument for the payment of money should in fact be
   paid, though the instrument is in writing and the promise it con-
   tains is to pay in so many dollars.

2. A statement made by the agent of plaintiff, at the time he took the
   order, as to what the contract was and as a part of the transaction,
   is binding upon the principal.

3. In an action on a written contract, where the defendant set up as a
   defense certain verbal stipulations, and the jury by their verdict
   have accepted the existence of the verbal stipulations, the fact that
   the Court annexed to it a qualification not required by the law to
   make it a valid defense is not error of which plaintiff can complain.

ACTION by Smith Premier Typewriter Company against
Rowan Hardware Company, heard on appeal from a justice
of the peace by *Judge M. H. Justice* at the June Special
Term, 1906, of the Superior Court of ROWAN.

Plaintiff sued on a written order given by defendant to plaintiff for a typewriter at the price of $102.50, and dated 28 April, 1905, the trade having been negotiated through one B. W. Allen, who was at the time a traveling salesman and agent of plaintiff.

Defendant admitted having placed this order in writing signed by defendant, and averred by way of defense that at the time the order was given, and as a part of the contract, the agent, Allen, who made the trade, agreed for plaintiff that defendant, in part payment for the machine ordered, should have a credit, as agent of plaintiff, of $40, the commission on four other machines then sold, or being sold—three of them to other parties, and this one to be included in the number on which the commission should be allowed. And defendant, by answer, claiming this reduction of $40 on the price, made a formal tender of $62.50 and interest, the price of this machine, less the alleged credit.

On the trial in Superior Court the plaintiff offered in evidence the written order, and rested.

For the defendant, S. A. Gregg, being duly sworn, testified, in part, as follows:

"That on 28 April, 1905 (it being the time the original order was made for the typewriter), I was president of the Rowan Hardware Company, defendant. Mr. Allen was agent of the plaintiff; we gave him the order for the machine and the machine was shipped to us from Richmond, Va. I did not hear the original contract, as it was made by Mr. Allen and Mr. Sossaman. After the order was signed and placed in Mr. Allen's hands, I called Mr. Allen and Mr. Sossaman over to my desk and told Mr. Allen that I did not understand the contract and wanted him to explain it to me. Mr. Allen then showed me the order and said that we were to be allowed a credit of $40 on the same for four machines he had heretofore sold or was in the course of selling, which would leave a balance of $62.50 due on the note or order."

Cross-examined:

"I understood that we were only paying $62.50 for the machine. We did not especially need a machine at that time, but I thought if we could get this one cheap we had better take it."

The issue was submitted as to the amount defendant owed the plaintiff.

The case on appeal then proceeded as follows:

After his Honor had charged the jury, the jury retired, and, after having been out two and one-half hours, returned and said they could not agree. Whereupon, his Honor asked them if there was any matter of law upon which he could instruct them.

The jury, then, through their foreman, asked "Whether they should be governed by the oral evidence or by the written contract." Whereupon his Honor instructed them:

"The written contract is the contract of the parties at the time, and unless you find that Allen was the general agent for the plaintiff, and that Allen agreed, after the execution of the contract, that the defendant should have 10 per cent. on four machines sold and that $40 was to be credited on the note, then the written contract would control."

The plaintiff excepted to all evidence concerning the $40 credit on the note, and all the evidence as to commissions allowed the defendant on the sales made by Allen. Objection overruled. Exception by the plaintiff. The plaintiff excepts to the charge of his Honor as above set forth, upon the ground that the same is not supported by the evidence.

*Hayden Clement* for the plaintiff.
*R. Lee Wright* for the defendant.

HOKE, J., after stating the case: This record and case on appeal disclose no error which gives the plaintiff any just ground for complaint.

The testimony offered by defendant admitting the written order to be a part of the contract, tended to establish, as an additional feature, a further stipulation resting in parol as to the method by which a part of the obligation should be paid. It did not contradict the written paper, but only tended to show that such paper did not contain the entire contract.

It is well established that as between the original parties to an executory agreement such testimony is competent.

The principle upon which the doctrine rests, and instances where same has been applied, are so clearly set forth in an opinion at this term by *Mr. Justice Walker* that further discussion of the question is considered unnecessary. *Evans v. Freeman,* 142 N. C., 61.

In that well-considered opinion, as especially applied to the facts of the present case, it is said:

"It is competent to show, by oral evidence, a collateral agreement as to how an instrument for the payment of money should in fact be paid, though the instrument is necessarily in writing and the promise it contains is to pay in so many dollars." Citing several decisions of our own Court.

And further:

"Numerous other cases have been decided by this Court in which the application of the same principle has been made to various combinations of facts, all tending, though, to the same general conclusion, that such evidence is competent where it does not conflict with the written part of the agreement and tends to supply its complement or to prove some collateral agreement made at the same time. The other terms of the contract may generally thus be shown where it appears that the writing embraces some, but not all, of the terms."

The testimony, then, offered by the defendant was clearly competent, and if accepted by the jury, it establishes a valid defense to the amount allowed in the verdict.

The plaintiff makes further objection to the testimony of the witness, Gregg, that by its admission Allen was allowed to

explain or vary a contract already entered into and complete, by subsequent statements, when there was no evidence that the original contract was abandoned and a new one entered into; and "there was no consideration for any subsequent contract."

But we do not think this is a correct interpretation of the testimony.

It is true the witness said: "I called Allen and Sossaman and asked Allen to explain the contract to me, as I didn't understand it." This was as to written order for the machine and which contained certain stipulations as to commissions which were to some extent ambiguous.

The reply of Allen, however, did not, and was not intended to explain away or vary the contract at all, but was an admission or statement on his part as to what the contract was. And it cannot be contended that this was without authority.

It was a statement by the agent at the time and as a part of the transaction. The order had been signed, but it was then in the office, and its meaning and terms were still being discussed. And it is accepted law that one who adopts and seeks to enforce a contract made for him by an agent is bound by its terms and stipulations.

As said in *Corbett v. Clute,* 137 N. C., 351, "If he claims the benefit, he must accept the burdens." Citing *Harris v. Delamar,* 38 N. C., 219; *Black v. Baylees,* 86 N. C., 527.

Nor can the objection to the charge of the Court, made in response to a question by the jury, be urged by plaintiff for error, "That the written contract would control, unless, after the execution, Allen agreed that defendant should be allowed the commission."

We agree with plaintiff that there was no evidence of any subsequent contract; and the law does not require that the stipulation, to be available to defendant, should be made after the written agreement was entered into. As we have seen, it

could be set up as a defense and shown by testimony, though it was contemporaneous.

But the jury, in rendering their verdict, have necessarily accepted the existence of the verbal stipulations insisted on by defendant; and the fact that his Honor annexed to it a qualification not required by the law to make it a valid defense is not error of which plaintiff can complain.

The response of the Court was more favorable to the plaintiff than he had a right to expect.

There is no reversible error in the record, and the judgment below is affirmed.

No Error.