W. A. CARROTHERS v. JAMES STEWART AND COMPANY.

(Filed 31 March, 1920.)

Contracts, Written—Parol Evidence—Merger—Distinct Contracts—Master and Servant—Employer and Employee.

Where there is evidence that a contractor for the United States Government who was to furnish carpenters, etc., to the Government for its works, induced the plaintiff, through its agent, to sign a written contract with the Government for seventy cents an hour, upon a previous verbal agreement that he should receive eighty-seven and one-half cents per hour, of which the contractor was aware, in the employee's action against the contractor to recover this difference; *Held,* there was evidence to sustain plaintiff's contention, and that the previous parol contract between the plaintiff and defendant was neither contradictory to that signed by the plaintiff with the Government, nor did it merge therein, the two being separate and distinct.

CIVIL ACTION, tried before *Calvert, J.,* at October Term, 1919, of CUMBERLAND, upon this issue:

"What amount, if any, is plaintiff entitled to recover of defendant? Answer: '$553.46, and interest.'"

The defendant appealed.

*Sinclair & Dye for plaintiff.*
*Rose & Rose and Nimocks & Nimocks for defendant.*

PER CURIAM. The plaintiff was an employee of defendant as a carpenter foreman receiving 87½ cents an hour. The defendant be-

came a contractor of the U. S. Government to do construction work in France. The Government was to furnish all tools, equipment, etc. The necessary labor and superintendent was to be secured by the defendant. The defendant, through its superintendent, E. N. Pratt, induced plaintiff to go to France. He signed the contract to work for the Government at 70 cents per hour. This contract is also signed by defendant as agent of and on behalf of the Government. Plaintiff alleges that while in employment of defendant, and before signing the contract to work for the Government at 70 cents, he had an agreement with Pratt for defendant that if he would go to France and sign the contract with the Government, he should receive at least 87½ cents an hour. Plaintiff sues to recover the difference between 70 cents per hour and 87½ cents per hour, admitted to be $553.46.

At conclusion of evidence the defendant moved to nonsuit the plaintiff.

We think there is abundant evidence to establish the agreement to pay 87½ cents an hour.

The plaintiff testifies to it, and also that in his formal application for employment he inserted in it a condition that he was to receive 87½ cents an hour, and gave it to Pratt for defendant.

There is evidence that defendant knew of Pratt's contract, and never repudiated it. This is shown by Pratt's letter to defendant of 22 June, 1918, in which Pratt informs them of his agreement with plaintiff. This letter is a strong testimonial to the efficiency of the plaintiff. We think there is abundant evidence of the agreement to pay the 87½ cents to plaintiff if he would sign up with the Government at instance of defendant, and go to France, and that defendant knew of the agreement and ratified it.

It is contended that the agreement to pay 87½ cents is a violation of the rule which prohibits the contradiction of a written contract by parol evidence. We do not think the rule applies here.

The contract in writing was made with the Government, and in it plaintiff agreed to accept 70 cents per hour from the Government. The contract for the 87½ cents per hour was in parol, and a separate and distinct contract entered into by plaintiff with defendant before the contract with the Government was signed.

The consideration for the parol, the first contract, was that if plaintiff would enlist with defendant for the Government as a workman the defendant would see to it he received at least 87½ cents per hour. This was a separate and distinct contract, and preceded the one in writing with the Government. It constituted a condition precedent to the plaintiff's entering into and executing the written contract with the Government, and is separate and distinct from it. Under the authorities there is no contradiction, and parol evidence was competent to prove such condition precedent. Elliott on Contracts, secs. 1629-1650;

*Typewriter v. Hardware Co.,* 143 N. C., 97; Taylor Evidence, sec. 1038; *Basnight v. Jobbing Co.,* 148 N. C., 357.

Nor do we think the parol contract to pay 87½ cents is merged into the written contract to pay only 70 cents for the very good reason that the latter was made with the Government. The parol contract was made with the defendant and guaranteed to plaintiff wages while in France of not less than 87½ cents per hour.

We think the rulings of the court upon the questions of evidence were correct, and that the charge presented the matter to the jury fairly and fully.

We find

No error.