J. H. STOCKTON v. H. R. LENOIR, TRUSTEE.

(Filed 30 December, 1929.)

**Evidence J a—Parol evidence as to agreement for payment of notes out of particular funds held admissible in payee's action thereon.**

Where the owner of lands receives purchase-money notes for the balance of the purchase price of lands, and gives his notes to the selling agent for his commissions for making the sale, in the agent's action upon the notes so given him it may be shown by parol that the commissions were to be paid only upon the amount of actual cash the owner received from the lands, especially when the notes themselves bear evidence of such agreement.

CONNOR, J., dissents.

APPEAL by defendant from *Harwood, Special Judge,* at October Special Term, 1929, of MACON.

Civil action to recover commissions on the sale of real estate evidenced by two notes.

On 18 September, 1925, plaintiff, a realtor, negotiated a sale of land held by the defendant, as trustee for himself and others, to W. D. Almazov and Sophie Albert for $38,000. For his commissions the plaintiff was to be paid 10 per cent of the purchase price of the land, as and when collected from the purchasers, and he has received his commissions on the cash payment made at the time of sale, as well as on all payments subsequently made by Almazov and Albert.

Purchase-money notes, secured by deed of trust on the property, were executed by the purchasers to the defendant, trustee, and corresponding

commission-notes, representing 10 per cent of the purchase-money notes, were executed by defendant to plaintiff. Each of the notes given to plaintiff for his commissions contains the following stipulation: "To be paid out of funds from corresponding note of W. D. Almazov and Sophie Albert, when collected"; and it was the understanding and agreement that the plaintiff's commission-note, representing 10 per cent of the corresponding purchase-money note, was to be paid only out of funds collected from Almazov and Albert, so the defendant alleged and offered to prove.

Upon default in the payment of the purchase-money notes, the deed of trust was foreclosed and the defendant, in his original capacity as trustee, became the highest bidder for the land at $11,000, which is less than half the amount remaining unpaid on the purchase-money notes.

The trial court held that the plaintiff was entitled to collect on his commission-notes 10 per cent of the amount bid at the sale, or $1,100, and instructed the jury to this effect. From the judgment rendered on the verdict, thus directed, the defendant appeals, assigning errors.

*R. D. Sisk, Edwards & Leatherwood and George B. Patton for plaintiff.*

*T. J. Johnston and Moody & Moody for defendant.*

STACY, C. J., after stating the case: It appears that the plaintiff and the defendant, who are presumed to know best what was intended by their agreement, have heretofore interpreted the notes in suit to mean that they should be paid only out of funds collected from Almazov and Albert. If this be a reasonable or permissible interpretation of the record, and we think it is, it follows that there was error in the court's peremptory instruction to the jury.

The defendant, it seems, was willing to pay the plaintiff a substantial sum for his services, provided the sale was completed and the full purchase price received in cash; while the plaintiff, on the other hand, apparently assented to the special arrangement that his commissions, though evidenced by notes, should be paid only as and when the purchase money was collected from Almazov and Albert. Accordingly, the plaintiff has been paid 10 per cent of what money the defendant has received out of the transaction, and no more. *Joice v. Bohanan,* 49 N. C., 364. This, the defendant says, accords with the understanding between the parties.

Notwithstanding the due dates, fixed in the notes sued upon, it is permissible to show by parol that a different mode of payment and discharge was contemplated by the parties, especially when the notes them-

selves bear evidence of such agreement. *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97, 55 S. E., 417.

For the error, as indicated, a new trial must be awarded, and it is so ordered.

New trial.

CONNOR, J., dissents.