### J. H. STOCKTON v. H. R. LENOIR, TRUSTEE.

(Filed 15 June, 1931.)

**Trial D a—Judgment as of nonsuit in favor of party upon whom was the burden of proof held error.**

　　Where upon the evidence and admissions of record the defendant may show by parol evidence that plaintiff's commissions as selling agent were to be confined to payment out of notes given the principal as a part of the purchase price of the lands sold, the burden of proof is upon the defendant, and his motion as of nonsuit on the plaintiff's evidence should be denied. (See *S. c.,* 198 N. C., 148.)

APPEAL by plaintiff from *MacRae, Special Judge,* at November Term, 1930, of MACON.

Civil action to recover commissions on sale of real estate, evidenced by two notes, each containing the following stipulation: "To be paid out of funds from corresponding note of W. D. Almazov and Sophie Albert, when collected."

At the close of plaintiff's evidence judgment as in case of nonsuit was entered on motion of defendant, from which the plaintiff appeals, assigning error.

*George B. Patton, Edwards & Leatherwood and R. D. Sisk for plaintiff.*

*T. J. Johnston and Moody & Moody for defendant.*

STACY, C. J. The facts are fully set out in the first appeal as reported in 198 N. C., 148, 150 S. E., 886, to which reference may be had to avoid repetition.

We there held that, while the stipulation appearing on the face of each of the notes did not *ipsissimis verbis* provide for payment exclusively out of funds to be collected from corresponding note of the purchasers, Almazov and Albert, yet, in view of the allegations of the answer, taken in connection with the stipulations appearing in the notes,

it was open to the defendant to show by parol, if he could, that such was the understanding of the parties. Unless the defendant is able to establish this under the principles announced in *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320, *Typewriter Co. v. Hardware Co.,* 143 N. C., 97, 55 S. E., 417, and *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847, he will not be in position to resist an adverse verdict.

With the defendant thus required to handle the laboring oar, it was error to nonsuit on the plaintiff's evidence.

Reversed.