E. McL. WILSON AND WIFE, ETHEL B. WILSON, v. O. O. ALLSBROOK, TRUSTEE, AND E. L. WHITE.

(Filed 9 November, 1932.)

**Reference B b: Mortgages H b—Mortgagor held entitled to finding as to whether note was paid or was to be paid out of rents.**

> Where the plaintiff brings suit to restrain the foreclosure of a mortgage on his property and alleges that the note secured by the mortgage was paid or was to be paid out of rents collected by the mortgagor, and the matter is referred to a referee by consent: *Held,* the mortgagor is entitled to a finding of fact as to whether the note had been paid or was to be paid out of rents, and where the report of the referee does not contain any finding on this aspect of the case the cause will be remanded on the mortgagor's exception to the report.

APPEAL by plaintiffs from *Grady, J.,* at June Term, 1932, of NEW HANOVER.

Civil action to restrain threatened foreclosure under third deed of trust, and for an accounting.

On 21 April, 1930, plaintiffs executed a note to the defendant, E. L. White, for $694.16, secured by third mortgage, or third deed of trust, on plaintiffs' home and dairy, O. O. Allsbrook, employee of defendant's company, being named as trustee therein.

At the February Term, 1932, New Hanover Superior Court, the cause was by consent referred to Hon. K. O. Burgwin to find the facts and report the same together with his conclusion of law to the court. It was further adjudged that the temporary restraining order be continued upon execution by the plaintiffs of an indemnity bond in the sum of $500; otherwise, the restraining order was to be dissolved and vacated if said bond was not furnished within ten days.

The sale was thereafter had on 25 March as plaintiffs were unable to post the required bond, but the matter is still in *custodia legis.*

The referee in his report states the account between the parties, but he fails to find whether the note secured by the third deed of trust, as alleged by plaintiffs, has been paid or was to be paid from rents collected by the defendant. Exception; overruled.

From a judgment affirming the report of the referee, the plaintiffs appeal, assigning errors.

*I. C. Wright and R. G. Grady for plaintiffs.*
*Chas. B. Newcomb and John A. Stevens for defendants.*

STACY, C. J., after stating the case: From the pleadings, it would seem that plaintiffs are entitled to a finding on their allegation that the

note secured by the third deed of trust has been paid or was to be paid from rents collected by the defendant. *Stockton v. Lenoir,* 201 N. C., 88, 158 S. E., 856, *S. c.,* 198 N. C., 148, 150 S. E., 886; *Parker Co. v. Bank,* 200 N. C., 441, 157 S. E., 419; *Justice v. Coxe,* 198 N. C., 263, 151 S. E., 252; *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97, 55 S. E., 417; *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847; *Gooch v. Vaughan,* 92 N. C., 611. To this end, the order of confirmation will be vacated and the cause remanded for further proceedings as to justice appertains and as the rights of the parties may require.

Error and remanded.