Civil action to restrain threatened foreclosure under third deed of trust, and for an accounting.
On 21 April, 1930, plaintiffs executed a note to the defendant, E. L. White, for $694.16, secured by third mortgage, or third deed of trust, on plaintiffs' home and dairy, O. O. Allsbrook, employee of defendant's company, being named as trustee therein.
At the February Term, 1932, New Hanover Superior Court, the cause was by consent referred to Hon. K. O. Burgwin to find the facts and report the same together with his conclusion of law to the court. It was further adjudged that the temporary restraining order be continued upon execution by the plaintiffs of an indemnity bond in the sum of $500; otherwise, the restraining order was to be dissolved and vacated if said bond was not furnished within ten days.
The sale was thereafter had on 25 March as plaintiffs were unable to post the required bond, but the matter is still in custodia legis.
The referee in his report states the account between the parties, but he fails to find whether the note secured by the third deed of trust, as alleged by plaintiffs, has been paid or was to be paid from rents collected by the defendant. Exception; overruled.
From a judgment affirming the report of the referee, the plaintiffs appeal, assigning errors.
After stating the case: From the pleadings, it would seem that plaintiffs are entitled to a finding on their allegation that the *Page 499 
note secured by the third deed of trust has been paid or was to be paid from rents collected by the defendant. Stockton v. Lenoir, 201 N.C. 88,158 S.E. 856, S. c., 198 N.C. 148, 150 S.E. 886; Parker Co. v. Bank,200 N.C. 441, 157 S.E. 419; Justice v. Coxe, 198 N.C. 263,151 S.E. 252; Bank v. Winslow, 193 N.C. 470, 137 S.E. 320; Typewriter Co. v.Hardware Co., 143 N.C. 97, 55 S.E. 417; Evans v. Freeman, 142 N.C. 61,54 S.E. 847; Gooch v. Vaughan, 92 N.C. 611. To this end, the order of confirmation will be vacated and the cause remanded for further proceedings as to justice appertains and as the rights of the parties may require.
Error and remanded.