H. W. KINDLER v. WACHOVIA BANK AND TRUST COMPANY.

(Filed 22 February, 1933.)

1. **Bills and Notes C a—Liability of unqualified endorser on note.**

   By an unqualified endorsement a party warrants to subsequent holders in due course that the note is genuine and what it purports to be, that he has good title, that all prior parties had capacity to contract, that the instrument is valid and subsisting, and he engages to pay it to the holder or any subsequent endorser compelled to pay it if the note is dishonored and the necessary proceedings thereon are taken. C. S., 3044, 3045, 3047.

2. **Evidence J a—Admissibility of parol evidence to explain writing.**

   Although parol evidence is not admissible to contradict, vary, or add to a written instrument, where the contract is not required to be in writing

and part is written and part unwritten, the unwritten part may be established by parol if it does not contradict the writing, and in proper cases it may be shown by parol that an obligation was to be assumed only upon a certain contingency or that payment was to be made out of a particular fund or that specified credits should be allowed.

3. **Bills and Notes H c—Parol evidence that endorser should not be held liable on note in any event held incompetent.**

Where an unqualified endorsement is supported by a valuable consideration and the maker seeks to enforce the endorser's liability the endorser may introduce parol evidence of an agreement entered into by the parties contemporaneously with the execution of the note that payment was to be made out of a particular fund, but he may not introduce parol evidence in contradiction of the written terms of the note that he was not to be held liable in any event, and under the facts of this case a new trial is awarded for the erroneous admission of such evidence.

4. **Estoppel C b—Held: party could have protected himself by qualified endorsement and was not entitled to relief from unqualified endorsement.**

In an action involving plaintiff's liability to a bank on his unqualified endorsement of a note, plaintiff sought to set up a parol agreement that the note should be paid out of collateral given by the maker to the bank and that in no event was the plaintiff to be held liable thereon. The plaintiff accepted the proceeds of the note in payment of material furnished the maker. The plaintiff contended that he had lost his right to a materialman's lien by reason of the transaction: *Held,* the contention respecting the loss of the lien is unavailing, the plaintiff having had ample opportunity of protecting himself by a qualified endorsement.

APPEAL by defendant from *Sink, J.,* at March Term, 1932, of BUN-COMBE. New trial.

On 23 March, 1929, L. B. Jackson executed his promissory note to the defendant, Wachovia Bank and Trust Company, or order, in the sum of $5,000 with interest at 6 per cent payable 90 days after date. It bore the following endorsement: "H. W. Kindler." The defendant made the loan in June, 1928. The original note had twice been renewed, and the note in suit was the last renewal.

On 16 March, 1930, the plaintiff instituted the present action. In his complaint he alleged in substance that prior to 26 June, 1928, he had furnished material and done work for L. B. Jackson, for which Jackson had become indebted to him in a sum exceeding $5,000; that the defendant held collateral securities of Jackson for the purpose of protecting Jackson's indebtedness to the bank; that the plaintiff and certain officers of the defendant entered into the following agreement: If Jackson would give a note and the plaintiff would endorse the note, the defendant would pay to the plaintiff the sum of $5,000 and would use the collateral it had in its possession belonging to Jackson and his affiliated interests and

corporations for the purpose of paying off said note; that the collateral was sufficient to discharge the note; that the note would be paid out of the collateral; that the plaintiff would not be called upon to pay the note or to make it good; that the defendant would rely only upon the collateral for payment; and that in pursuance of this agreement the plaintiff signed the note as endorser and did not insist upon the liens which he could have enforced against the property of Jackson.

The defendant denied the alleged agreement as to the collateral securities and the release of the plaintiff, and alleged that it had made no contract with the plaintiff except such as appears upon the note in controversy.

The plaintiff was permitted to testify as follows subject to the defendant's objection and exceptions:

Q. What did they (the officers of the Wachovia Bank and Trust Company) say when you told them the Central Bank and Trust Company wouldn't take the note that he owed you for this plumbing and heating? Answer: They said that Jackson had a large amount of collateral down there and that this note would be taken care of without it coming back on me.

Q. State what occurred there? Answer: There was very little said beyond that. I was sure that the note wouldn't come back on me.

Q. What did they say the note would be paid out of, if anything? Answer: Taken out of a large amount of collateral that Jackson had in their possession.

Q. Who said that? Answer: Mr. Raysor. He stated that in the presence of Strong and Ebbs, sitting in the enclosure.

Q. Then what did you do? Answer: I accepted the check for $5,000 endorsed the note and left the bank. .Interest was deducted from that check. Jackson paid me the interest personally.

. . . . . . .

Q. Did they make that agreement with you before you endorsed the note? Answer: Yes.

Q. How soon after they made that agreement with you did you endorse the note? Answer: We conversed there for two or three minutes and finally I went to the window to the left and endorsed the note.

The verdict was as follows:

"What amount, if any, is the defendant entitled to recover of the plaintiff on the note referred to in the complaint? Answer: Nothing."

Raysor, Strong and Ebbs were officers of the defendant.

Judgment for plaintiff; appeal by defendant.

*Alfred S. Barnard for appellant.*
*R. R. Williams and William J. Cocke, Jr., for appellee.*

ADAMS, J. The decisive question is whether the evidence excepted to should have been excluded. The plaintiff admitted his endorsement of the note. He did not indicate by appropriate words his intention to be bound in any other capacity; he entered into a substantive agreement and incurred the liability of a general endorser. By his endorsement without qualification he warranted to all subsequent holders in due course that the instrument was genuine and in all respects what it purported to be, that he had a good title to it, that all prior parties had capacity to contract, and that the instrument was valid and subsisting. He also engaged that on due presentment the note should be paid according to its tenor, and if dishonored and the necessary proceedings were taken he would pay the amount of the note to the holder or to any subsequent endorser who might be compelled to pay it. C. S., 3044, 3045, 3047; *Perry v. Taylor,* 148 N. C., 362; *Bank v. Crafton,* 181 N. C., 404; *Trust Co. v. York,* 199 N. C., 624; *Ray v. Livingston, ante,* 1.

The endorsement of the plaintiff was neither special nor restrictive nor qualified, nor conditional. Can he release himself from the legal consequences of his endorsement by proof of a parol agreement with the defendant that by his endorsement he incurred no liability? No fraud or mistake is alleged. The endorsement itself imports liability. When a contract is reduced to writing parol evidence will not be heard to contradict, vary, or add to the written instrument.

The principle is clearly set forth in *Moffitt v. Maness,* 102 N. C., 457, and has often been restated. Another principle is equally familiar. If a contract not required to be in writing is partly written and partly verbal the unwritten part may be proved if it does not contradict or vary the terms of the writing. *Twidy v. Saunderson,* 31 N. C., 5; *Manning v. Jones,* 44 N. C., 368; *Daughtry v. Boothe,* 49 N. C., 87; *Ray v. Blackwell,* 94 N. C., 10; *Sumner v. Lumber Co.,* 175 N. C., 654; *Henderson v. Forrest,* 184 N. C., 230; *Stack v. Stack,* 202 N. C., 461. The plaintiff says that the latter principle is available to him because the written agreement is incomplete and evidence of all the terms is admissible.

In proper cases it may be shown by parol evidence that an obligation was to be assumed only upon a certain contingency, or that payment should be made out of a particular fund or otherwise discharged in a certain way, or that specified credits should be allowed. *Kerchner v. McRae,* 80 N. C., 219; *Braswell v. Pope,* 82 N. C., 57; *Kelly v. Oliver,* 113 N. C., 442; *Evans v. Freeman,* 142 N. C., 61; *Typewriter Co. v. Hardware Co.,* 143 N. C., 97; *Garrison v. Machine Co.,* 159 N. C., 285; *Thomas v. Carteret,* 182 N. C., 374; *Bank v. Winslow,* 193 N. C., 470.

In *Evans v. Freeman, supra,* the plaintiff brought suit on a promissory note in the sum of $50.00 executed by the defendant and assigned by Askew, the payee, to the plaintiff. The defendant offered parol evidence that payment of the note was to be made out of proceeds arising from the sales of the patent right of an automatic stock-feeder and that if there were no sales there was to be no payment. The evidence was held to be competent; if there were no sales there was a total failure of consideration. Of like import are *Quin v. Sexton,* 125 N. C., 447 and *Carrington v. Waff,* 112 N. C., 115, which are typical of a long line of cases dealing with this principle. They differ from the case before us in the fact that the plaintiff's endorsement of the note was supported by a valuable consideration, the loan of five thousand dollars.

The logical interpretation of the plaintiff's evidence is this: that the note was to be paid out of the proceeds of Jackson's collateral securities and that the plaintiff was to be relieved of any liability growing out of his endorsement—that although the law imposed liability by the terms of the written contract he could establish his exemption from liability by parol evidence contradicting the writing by which the liability was imposed. This evidence was tantamount to proof that in no event could the defendant be held liable on his endorsement. A similar defense against liability on a note was made in *Bank v. Moore,* 138 N. C., 529, and the Court said: "The only defense attempted amounts in substance to this: That though the defendant executed his note and received a valuable consideration there was an understanding and agreement at the time that payment should never be enforced or demanded. All the authorities are agreed that such a defense is not open to the defendant."

In accord with the ruling that parol evidence is competent in proof of an agreement that a debt is to be paid from a particular fund, we think the plaintiff may testify as to the agreed mode of payment; but his testimony that in no event should he be liable is in direct contradiction of the terms of his endorsement and should have been excluded. There is intimation in the record that the collaterals referred to are not available for the payment of the note. Whether this is true we have no means of knowing, but according to the evidence as it now appears the plaintiff cannot maintain his absolute exemption from all liability.

Reference is made to the plaintiff's loss of right to file a lien against the property of Jackson, but he had ample opportunity to protect himself by a qualified endorsement of the note. For error in the admission of evidence the defendant is entitled to a

New trial.