M. W. GALLOWAY, ADMINISTRATOR, v. P. H. THRASH ET AL.

(Filed 10 October, 1934.)

**Evidence J a—Parol evidence that note was to be paid by crediting it against maker's anticipated share in payee's estate held competent.**

In an action on a note by an administrator against the intestate's son, the maker of the note, it is competent for the son to show by parol evidence that the note represented an advancement and was to be paid by crediting it against the son's anticipated share in the estate.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Schenck, J.,* at March Term, 1934, of BUNCOMBE.

Civil action, instituted in the general county court of Buncombe County to recover on $32,518.83 note, executed by defendants 1 September, 1925, payable to order of J. M. Thrash, due two years after date, and secured by deed of trust on real estate.

Defendants pleaded (1) partial failure of consideration, and (2) that said note represented an advancement from J. M. Thrash to his son and daughter-in-law, defendants herein, which was to be taken into account in the settlement of his estate. The said J. M. Thrash died intestate in August, 1930.

It was held in the general county court that the first defense was available *pro tanto,* but that the evidence offered to support the second defense was inadmissible under the rule which prohibits the introduction of parol evidence to contradict, add to, or vary the terms of a written instrument. *Carlton v. Oil Co.,* 206 N. C., 117, 172 S. E., 883; *Overall Co. v. Hollister,* 186 N. C., 208, 119 S. E., 1; *Bank v. Andrews,* 179 N. C., 341, 102 S. E., 500; *Cherokee County v. Meroney,* 173 N. C., 653, 92 S. E., 616; *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510; *Moffitt v. Maness,* 102 N. C., 457, 9 S. E., 399; *Ray v. Blackwell,* 94 N. C., 10.

On appeal to the Superior Court, the evidence offered in support of the second defense was held to be competent; whereupon the ruling of the county court in this respect was reversed and the cause remanded for a new trial. From this ruling the plaintiff appeals.

*T. Coleman Galloway and George H. Wright for plaintiff.*
*Robert M. Wells for defendants.*

STACY, C. J. Is it competent, as between the parties, to show that a note given by a son to his father represented an advancement and was to be paid by crediting it against the son's anticipated share of the father's estate? The answer is, Yes.

It is established by the decisions in this jurisdiction that the rule which prohibits the introduction of parol evidence to vary, modify or contradict the terms of a written instrument, is not violated:

First, by showing a conditional delivery of said instrument. *Thomas v. Carteret Co.,* 182 N. C., 374, 109 S. E., 384; *Garrison v. Machine Co.,* 159 N. C., 285, 74 S. E., 821; *Kernodle v. Williams,* 153 N. C., 475, 69 S. E., 431.

Second, by showing failure of consideration. *Chemical Co. v. Griffin,* 202 N. C., 812, 164 S. E., 577; *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339; C. S., 3008.

Third, by showing mode of payment and discharge as contemplated by the parties, other than that specified in the instrument. *Kindler v. Trust Co.,* 204 N. C., 198, 167 S. E., 811; *Wilson v. Allsbrook,* 203 N. C., 498, 166 S. E., 313; *Stockton v. Lenoir,* 198 N. C., 148, 150 S. E., 886; *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320.

Viewed in the light of the foregoing authorities, and the principles they illustrate, it would seem that the ruling of the Superior Court is well supported, in tendency at least, if not directly, by the decisions on the subject.

It is observed that no effort was made by the father during his lifetime to collect said note; and it is not alleged that its collection is needed to pay the debts of the estate.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.