CHRYSLER CREDIT CORPORATION v. HENDERSON BELK

No. 8126SC474

(Filed 16 February 1982)

**Bills and Notes § 20— action on promissory note—summary judgment improper**

    In an action on a promissory note given pursuant to the liquidation of an automobile dealership, the trial court erred in entering summary judgment in favor of plaintiff where a genuine issue of material fact was presented as to

whether plaintiff orally agreed with defendant's agent that $20,000 due from plaintiff to the dealership would be applied to the initial payments owing on the note so that defendant would not be in default on the note.

APPEAL by defendant from *Johnson, Judge.* Judgment entered 18 February 1981, in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 January 1982.

On 21 August 1980 plaintiff filed suit against defendant seeking to recover judgment on a promissory note executed by defendant to plaintiff on 6 June 1980, wherein defendant agreed to pay plaintiff the sum of $66,780 on a monthly basis. The first installment, due 10 July 1980, was to be in the amount of $6,071. Each remaining installment, due on the 10th of the succeeding month, was to be in the amount of $6,070.90. The parties agreed "that this note represents the current amount owed Chrysler Credit Corporation (Plaintiff) due to the liquidation of Lincolnton Chrysler Dodge, Inc., an Automobile Dealership located in Lincolnton, North Carolina." Pursuant to the note plaintiff could declare the balance due if defendant defaulted on any of these payments. Plaintiff alleged in its complaint that defendant failed to make payments "as they became due and owing."

On 27 October 1980, defendant filed a verified answer, wherein he denied that the note was executed for value received and that he had failed to pay. Three days later plaintiff moved for entry of judgment on the pleadings, or in the alternative, for the entry of summary judgment in its favor. Plaintiff alleged, *inter alia,* that defendant's answer failed "to raise a valid defense with respect to the balance due and owing on the promissory note admittedly executed by the defendant."

During discovery, defendant admitted signing an agreement entitled "Continuing Guaranty" dated 11 May 1978. Therein defendant agreed to discharge all of the present and future obligations owing to plaintiff by Lincolnton Chrysler Dodge, Inc. (hereinafter the dealership). Defendant also admitted that he received a letter from plaintiff's attorney on 11 August 1980 demanding payment of the outstanding balance on the note. C. W. Robinson, plaintiff's Branch Manager, filed an affidavit on 12 November 1980. He swore that in June 1980 the dealership owed plaintiff money; that pursuant to the guaranty agreement be-

tween plaintiff and defendant, defendant was liable for this debt and that defendant signed a promissory note in consideration of plaintiff's decision to allow the debt to be paid in installments. On 12 November 1980, defendant requested the production of certain documents by plaintiff including those relating to the relationship between the dealership and plaintiff and those regarding conversations by or between defendant, plaintiff or the dealership involving the promissory note. On 10 December 1980 plaintiff moved to amend its complaint in order to allege a second cause of action. This cause of action involved further debts allegedly accrued by the dealership and guaranteed by defendant.

On 6 February 1981, Frank Wilson filed an affidavit in defendant's behalf. Wilson swore that during 1980 he was vice-president of the dealership and authorized agent for defendant. He emphasized that his authority included acting on defendant's behalf in arranging for payments on the 6 June 1980 promissory note and other monies possibly owed by the dealership to plaintiff. Wilson further swore:

> On or about July 2, 1980 I had a conversation with Bill Robinson of Chrysler Credit Corporation concerning monies owed by Lincoln (sic) Chrysler-Dodge, Inc. and Henderson Belk. I was advised by Bill Robinson that money due Lincoln (sic) Chrysler-Dodge, Inc. from Chrysler Corporation which was approximately $20,000.00 would be applied to the initial payments due under the note of 6 June, 1980 owed by Henderson Belk to Chrysler Credit Corporation. Thereafter, I informed Mr. Belk that the initial payments due pursuant to the promissory note of June 6, 1980 were taken care of.

On 6 February 1980, defendant also moved to amend his answer and filed an amended answer and counterclaim. Therein he alleged the affirmative defense that all payments due plaintiff were paid pursuant to the terms of the promissory note.

On 9 February 1981, the trial court considered plaintiff's motion for leave to amend its complaint, motion of defendant to amend his answer and defendant's motion to compel discovery. The court allowed plaintiff's motion and allowed in part defendant's motion to compel discovery. The court denied defendant's motion to amend his answer. On the same date the court considered plaintiff's motion for summary judgment and concluded

that there was no genuine issue as to any material fact. Defendant appeals from the judgment awarding summary judgment in plaintiff's favor.

*Fairley, Hamrick, Monteith & Cobb, by Laurence A. Cobb and F. Lane Williamson, for plaintiff appellee.*

*Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, by T. LaFontine Odom, for defendant appellant.*

MORRIS, Chief Judge.

Defendant has assigned error solely to the granting of plaintiff's motion for summary judgment. Defendant argues that he presented evidence at the summary judgment hearing which tended to show that he was not in default on the promissory note. The North Carolina Supreme Court has held that when unpleaded defenses (such as payment on a note) are later raised by the evidence, they should be considered when resolving a motion for summary judgment. *Bank v. Gillespie,* 291 N.C. 303, 230 S.E. 2d 375 (1976). In accord with *Gillespie,* this Court has emphasized that "the nature of summary judgment procedure (G.S. 1A-1, Rule 56), coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment. (Citations omitted.)" *Cooke v. Cooke,* 34 N.C. App. 124, 125, 237 S.E. 2d 323, 324, *disc. rev. denied,* 293 N.C. 740, 241 S.E. 2d 513 (1977). In *Gillespie, supra,* defendant executed five demand notes to plaintiff. In his affidavit, defendant swore that the notes were executed contemporaneously with an oral agreement as to the mode of payment and the fund from which the notes would be paid. He further swore that he had been engaged in a course of dealings with plaintiff and its predecessor which was pursuant to the oral agreement. The Supreme Court held:

> Defendant's evidence, when taken in the light most favorable to him, establishes the execution of certain notes and security instruments accompanied by a prior or contemporaneous parol agreement as to the mode of payment and the fund from which it would be paid. The evidence tending to show a continued course of dealings pursuant to this oral agreement was sufficient to have affected the result of the

> action, thereby creating a conflict between plaintiff's evidence and defendant's evidence as to a material fact. Thus, a jury question was presented and the trial judge erred when he granted plaintiff's motion for summary judgment.

*Gillespie* at 310, 230 S.E. 2d at 379-80. Plaintiff attempts to distinguish *Gillespie* from the case on appeal by emphasizing that *Gillespie* dealt with an oral agreement, concerning a change in the mode of payment, which was contemporaneous with the contract. Such an agreement was deemed an exception to the parol evidence rule. Plaintiff argues that, in contrast, the case *sub judice* deals with a later modification of the terms of the note which was not shown to have been by mutual consent or made upon additional consideration. We disagree. There was no modification of the terms of the note. Instead defendant's evidence, like that of the defendant in *Gillespie*, merely shows that the parties entered into an oral agreement to change the mode of payment. The averments in Frank Wilson's affidavit, filed on defendant's behalf, supports this conclusion. Wilson's affidavit also raises the affirmative defense of payment and meets the requirements of Rule 56(e) of the North Carolina Rules of Civil Procedure. Pursuant to Rule 56(e), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Wilson swore that he, acting as defendant's agent, was advised by Bill Robinson, plaintiff's Branch Manager, that $20,000 due from plaintiff to the dealership would be applied to the initial payments owing on the note. The evidence in the record on appeal indicates that this sum would cover at least the first three payments under the note. These facts asserted by defendant's agent must be accepted as true by the trial court when considering plaintiff's motion for summary judgment. *Schoolfield v. Collins*, 281 N.C. 604, 189 S.E. 2d 208 (1972). The law as to summary judgment also requires the court to construe all the evidence in the light most favorable to the non-moving party. Any doubt as to whether a genuine issue of material fact exists must be resolved in the favor of the non-moving party. *Miller v. Snipes*, 12 N.C. App. 342, 183 S.E. 2d 270, *cert. denied*, 279 N.C. 619, 184 S.E. 2d 883 (1971). Application of this law to the case on appeal compels us to reverse the judgment of the trial court

awarding summary judgment in plaintiff's favor. We note that since the averments in Wilson's affidavit are deemed true in considering plaintiff's motion for summary judgment, it would appear that plaintiff then had the duty to transfer the $20,000 credit to the debt owing on the promissory note. Evidence of such a transfer would be solely within the personal knowledge of plaintiff.

Since there exists a genuine issue of material fact as to whether or not payments were made pursuant to the promissory note, summary judgment was not appropriate.

In light of our decision, we need not consider whether defendant's amended answer, which arguably could have been considered as an affidavit, raised a genuine issue of material fact.

Reversed.

Judges HEDRICK and MARTIN (Robert M.) concur.