MILLER BUILDING CORPORATION, PLAINTIFF v. JOHN T. BELL AND W. DEAN
BEST, DEFENDANTS

No. 885SC985

(Filed 6 June 1989)

**Rules of Civil Procedure § 56— summary judgment motion—evidence of unpled defense**

Evidence of the unpled defense of duress contained in an affidavit filed in opposition to a motion for summary judgment should have been considered by the court in ruling on the motion.

APPEAL by defendants from *Tillery, Judge*. Judgment entered 15 June 1988 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 16 May 1989.

This is a civil action wherein plaintiff seeks to recover from defendants the balance due on a certain promissory note allegedly executed by defendants as co-makers with Bogue Shore Club, Inc. and delivered to plaintiff. Defendants filed an answer admitting execution of the note but denying they were indebted to plaintiff.

Plaintiff made a motion for summary judgment which was supported by evidentiary matter. Defendants, in opposition to the motion, filed the affidavit of defendant John T. Bell purporting to allege affirmative defenses. Allegations in the affidavit, except where quoted, are summarized as follows: Defendants are the sole shareholder of Bogue Shore Club, Inc. Plaintiff filed a lien on defendants' property which was "greatly in excess of any colorable claim against Bogue Shore Club or the property, and the amount was without justification and done with the sole purpose to coerce a resolution of disputed matters in a manner favorable to Miller Building Corporation and unfavorable to Bogue Shore Club, Inc." Plaintiff also notified Bogue Shore Club's construction loan lender, First American Savings Bank of Greensboro, of the lien on the property. The filing of the lien and the notification to the lender "created a situation of extreme duress and to prevent the immediate termination of the project Bogue Shore Club, Inc. agreed to pay Miller a compromised amount of the lien. [T]his agreement was not voluntary and was procured by duress." Defendants were not obligated to plaintiff in any way, but plaintiff demanded defendants personally execute the note along with Bogue Shore Club, Inc.

Plaintiff "willfully misused the valid lien process for the ulterior purpose of procuring a favorable resolution of disputes between Miller and Bogue Shore Club and then induced and procured the [defendants] to become personally indebted to Miller Building Corporation so as to condone its activities."

The trial court refused to consider the affidavit filed by defendants. Thereafter, the court entered summary judgment for plaintiff, against defendants, in the amount of $90,417.33, together with interest and attorney's fees. Defendants appealed.

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, and John D. Martin, for plaintiff, appellee.*

*Ward and Smith, P.A., by Michael P. Flanagan, for defendants, appellants.*

HEDRICK, Chief Judge.

Defendants assign error to the refusal of the trial judge to consider the affidavit filed in opposition to the motion for summary judgment. We believe *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976), is controlling in this case. In *Gillespie*, Justice Branch, writing for the Supreme Court, stated:

> The threshold question presented by this appeal is whether defendant could demonstrate the existence of a genuine issue as to a material fact by raising an unpleaded defense by his evidence opposing plaintiff's motion for summary judgment.
>
> . . .
>
> We hold that unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment. However, we think in such cases it is the better practice to require a formal amendment to the pleadings.

*Id.* at 306, 230 S.E. 2d at 377.

Plaintiff's efforts to distinguish *Gillespie* from the case *sub judice* are not convincing. The evidence embodied in the affidavit which the court refused to consider gives rise to a genuine issue of material fact as to whether the note in question was obtained by duress. Therefore, summary judgment for plaintiff must be vacated and the cause remanded to the superior court for further proceedings.

Vacated and remanded.

Judges ARNOLD and WELLS concur.