ROBERT G. PRYSE, SR. v. STRICKLAND LUMBER AND BUILDING SUPPLY, INC. AND JOHNS-MANVILLE SALES CORPORATION

No. 8311DC1

(Filed 7 February 1984)

1. **Rules of Civil Procedure § 55— entry of default—no abuse of discretion—no excusable neglect**

   In an action against two defendants, there was no abuse of discretion in the trial court's finding that defendant Strickland's neglect in "failing to employ counsel or to follow-up the alleged mailing of the Summons and Complaint to [defendant] Johns-Manville Sales Corporation constitute[d] inexcusable neglect."

2. **Rules of Civil Procedure § 41.2— dismissal against one defendant not dismissal against other as well**

   When plaintiff filed a voluntary dismissal against one defendant, he did not in effect dismiss the other defendant as well since plaintiff's basis for recovery had been his allegation that the two defendants were jointly and severally liable.

APPEAL by defendant Strickland Lumber and Building Supply, Inc. from *Lyon, Judge*. Judgment entered 26 October 1982 in District Court, JOHNSTON County. Heard in the Court of Appeals 29 November 1983.

Plaintiff filed this action 10 February 1982 against co-defendants Strickland Lumber and Building Supply, Inc. and Johns-Manville Sales Corporation alleging joint and several liability for breach of an express warranty and breach of a warranty of quality and fitness regarding roofing shingles manufactured by Johns-Manville and sold by Strickland. Service was accomplished against Johns-Manville on 12 February 1982 and against Strickland on 19 February 1982.

When no answer was filed by either defendant, plaintiff obtained entry of default on 23 March 1982 and default judgment on 19 April 1982. Strickland filed a motion and affidavit to set aside the default judgment on 9 June 1982. Johns-Manville filed like motions and affidavits on 17 June 1982. At a hearing on 23 August 1982, Johns-Manville's neglect in misplacing the summons and complaint at its home office in Denver, Colorado was found to be excusable and the entry of default and default judgment were set aside. On the other hand, Strickland's neglect in relying on Johns-

Manville to defend the action was found to be inexcusable, and, in that instance, the court left the entry of default and default judgment intact.

On 27 August 1982, Strickland filed a motion to amend the order of 23 August 1982, contending that, since plaintiff's causes of action involved joint and several liability, and since the entry of default and default judgment against Johns-Manville had been set aside, allowing Johns-Manville to now defend these claims on the merits, the default judgment entered against Strickland should also be set aside pending plaintiff's trial against Johns-Manville. Strickland further contended that entry of default could be left intact and, if liability were found against Johns-Manville, judgment could be reinstated. In addition, Strickland contended that if Johns-Manville successfully defended the suit, its defense would inure to Strickland's benefit.

On 7 October 1982, plaintiff filed a voluntary dismissal against Johns-Manville. On 28 October 1982, Strickland's motion to amend was heard, and the court ruled that plaintiff's voluntary dismissal did not affect the default judgment entered against Strickland and that plaintiff could, therefore, proceed against Strickland pursuant to the default judgment. From the court's ruling, Strickland appeals.

*Mast, Tew, Armstrong & Morris, by L. Lamar Armstrong, Jr. and George B. Mast, for defendant-appellant.*

*L. Austin Stevens for plaintiff-appellee.*

ARNOLD, Judge.

[1] Defendant Strickland first contends that the trial court erred in ordering entry of default and default judgment against Strickland, in that its negligence in failing to file an answer to plaintiff's complaint was excusable. Strickland argues that it was justified in taking no action, since it reasonably relied on defendant Johns-Manville to defend the suit.

A determination of the existence of good cause for setting aside an entry of default under Rule 55(d) rests in the sound discretion of the trial judge, and his ruling will not be disturbed on appeal unless a clear abuse of discretion is shown. *Miller v.*

*Miller*, 24 N.C. App. 319, 210 S.E. 2d 438 (1974). After being served with a summons and complaint, Strickland, on the advice of a Johns-Manville representative, mailed the papers to that company's Atlanta office. There is no evidence that he did anything further. We are not persuaded that the trial court abused its discretion in finding that Strickland's neglect in "failing to employ counsel or to follow up the alleged mailing of the Summons and Complaint to Johns-Manville Sales Corporation constitutes inexcusable neglect."

[2] Strickland next urges that when plaintiff filed a voluntary dismissal against Johns-Manville he in effect dismissed against Strickland as well, since plaintiff's basis for recovery had been his allegation that the two defendants were jointly and severally liable. Rule 41 of the Rules of Civil Procedure allows a plaintiff to dismiss a claim without order of the court, subject only to certain situations not applicable to the case at bar. Moreover, it is well established that where negligence is joint and several, an injured party may choose to sue either of the joint tortfeasors separately. *Bell v. Lacey*, 248 N.C. 703, 104 S.E. 2d 833 (1958).

In the case at bar, plaintiff was initially able to proceed against either defendant. When his default judgment against Johns-Manville was set aside because of excusable neglect, he simply elected to act against Strickland. This decision in no way prevents Strickland from exercising his right to sue Johns-Manville for reimbursement if, in fact, it is ordered to compensate plaintiff. We, therefore, reject plaintiff's contention and the order of the trial court is

Affirmed.

Judges JOHNSON and PHILLIPS concur.