JOHN DOUGLAS v. WILLIAM LAND PARKS

No. 8314SC225

(Filed 15 May 1984)

**Attorneys at Law § 5.1; Election of Remedies § 4— personal injury action—acceptance of settlement—attorney malpractice—election of remedies**

Plaintiff client's election to affirm a settlement of his personal injury action precluded a malpractice action against defendant attorney based upon alleged inadequate representation in the personal injury action.

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 15 July 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 7 February 1984.

Plaintiff appeals from allowance of defendant's motion for directed verdict in a malpractice action.

*Loflin & Loflin, by Robert S. Mahler, Thomas F. Loflin III, and Dean A. Shangler, for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for defendant appellee.*

JOHNSON, Judge.

The facts giving rise to this action are that defendant, an attorney licensed in North Carolina, represented plaintiff in a personal injury action to recover damages for injuries plaintiff sustained in an automobile collision. The action proceeded to trial, and directed verdict was entered against plaintiff. Plaintiff then obtained additional counsel and filed a motion to vacate the judgment and award a new trial. Defendant was not discharged as plaintiff's counsel but instead worked with the new counsel.

Before the motion to vacate the judgment and award a new trial was heard, a settlement was reached. The settlement was for $4,452, which was $1,452 higher than any prior settlement offer.

Subsequently, plaintiff instituted this action against defendant alleging negligence in the representation in the personal injury action. The court granted a directed verdict for defendant. Plaintiff appeals.

In considering whether a directed verdict is proper, "the evidence must be taken as true and considered in the light most favorable to plaintiff. When so considered, the motion should be allowed if as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff." *Farmer v. Chaney,* 292 N.C. 451, 452-53, 233 S.E. 2d 582, 584 (1977); *see also Pergerson v. Williams,* 9 N.C. App. 512, 517, 176 S.E. 2d 885, 888 (1970). Defendant argues that the directed verdict was proper because "when plaintiff entered into the judgment and accepted the proceeds called for therein, he was thereafter estopped from presenting this claim. He exercised an election of remedies."

Our Supreme Court has stated that

[t]he doctrine of election is founded on the principle that where by law or by contract there is a choice of two remedies which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the pros-

ecution of the other. A party cannot, either in the course of litigation or in dealing *in pais*, occupy inconsistent positions. . . . But the doctrine of election applies only where two or more existing remedies are alternative and inconsistent. If the remedies are not inconsistent, there is no ground for election.

*Irvin v. Harris*, 182 N.C. 647, 653, 109 S.E. 867, 870 (1921). Further, "[t]he purpose of the doctrine . . . is not to prevent recourse to any remedy, but to prevent double redress for a single wrong." *Smith v. Oil Corp.*, 239 N.C. 360, 368, 79 S.E. 2d 880, 885 (1954).

Here, the thrust of plaintiff's claim is that defendant's representation in the personal injury action "was not what is required of a competent practitioner and that he [is] entitled to recover consequential damages for such inadequate representation that amounts to a breach of contract." Essentially the argument is that if defendant had provided adequate representation, plaintiff would have recovered damages at trial. The purpose of the attorney-client relationship was for defendant to recover damages for plaintiff. After the trial, however, plaintiff entered into a compromise agreement. By entering into the agreement, he agreed that this was the amount of damages he would accept as full compensation for his injuries.

Our research has not revealed, nor have the parties cited, a case with identical facts. A case involving similar principles, however, is *Davis v. Hargett*, 244 N.C. 157, 92 S.E. 2d 782 (1956). In *Davis* the plaintiff had been injured in a wreck due to the negligence of two cab drivers. The defendant became plaintiff's confidential adviser. He took plaintiff out of the hospital and placed him in an "outhouse" with unsanitary living conditions. When agents of the cab drivers' insurance company met with plaintiff about settling the claim, defendant threatened to withhold medical treatment if plaintiff did not accept the settlement offer. Plaintiff, in response to defendant's threat, settled the claim for $5,000, even though it allegedly was worth $35,000. Plaintiff then brought an action against defendant seeking the additional $30,000. Plaintiff argued that

his original cause of action was property, wrongfully taken from him by the defendants, and that in this situation he had the legal right to elect as between two remedies, that is, (1)

to rescind the compromise settlement and prosecute his original cause of action, or (2) to affirm the compromise settlement and recover damages from defendants for the difference in value between the true worth of his original cause of action and the consideration actually received by him in the settlement.

*Id.* at 162, 92 S.E. 2d at 785.

The Court held that plaintiff had to make an election of remedies. If he rescinded the settlement, then he could either prosecute his original action against the cab drivers or bring an action against defendant. If, however, he chose to affirm the compromise, then he could not bring an action against either.

Similarly, here plaintiff had the election to either rescind or affirm the settlement. He chose to affirm it, and his election precludes a malpractice action against his attorney in the original action. Thus, the court correctly granted defendant's motion for directed verdict, and the judgment is

Affirmed.

Judges ARNOLD and BECTON concur.