BARBARA STEWART v. DAN HERRING

No. 8518SC1202

(Filed 6 May 1986)

**Attorneys at Law § 5.1; Election of Remedies § 4— malpractice action barred by election of remedies**

> Plaintiff's claim against defendant attorney for negligent representation in negotiating a separation agreement in which plaintiff relinquished her claim to alimony after a divorce was barred by an election of remedies when plaintiff pursued her claim for alimony by hiring another attorney who filed a counterclaim for alimony and negotiated a new alimony agreement.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 15 July 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 March 1986.

This is an action for legal malpractice. The plaintiff alleged that she retained the defendant, an attorney practicing in High Point, to represent her in an action against her husband for alimony. She alleged that the defendant was negligent in that he did not properly investigate the possibility of obtaining alimony and he persuaded her to sign a separation agreement in which she relinquished a claim for alimony after a divorce. She alleged that she retained other attorneys who negotiated a new separation agreement which was more favorable to her.

The defendant filed an answer in which he pled that the plaintiff was barred by an election of remedies. He based this plea on allegations that in an action by the plaintiff's husband for divorce she had counterclaimed to set aside the first separation agreement and to obtain permanent alimony. She negotiated a new agreement for alimony. She settled her claim against her husband under a consent judgment for distribution of the marital

property in which she obtained substantially greater benefits than she had obtained in the first separation agreement. She then submitted to a voluntary dismissal of her counterclaim.

The defendant made a motion for summary judgment. The papers filed in support and opposition to the motion for summary judgment supported the allegations in the pleadings.

The court granted the defendant's motion for summary judgment and the plaintiff appealed.

*Meyressa H. Schoonmaker for plaintiff appellant.*

*Haworth, Riggs, Kuhn, Haworth and Miller, by John Haworth, for defendant appellee.*

WEBB, Judge.

The parties to this appeal agree that the issue is whether the plaintiff has made an election which prevents her from suing the defendant. Our cases have held that if a person has inconsistent claims against two separate people, the claimant cannot pursue one of the claims to judgment and then pursue the inconsistent claim against the other person. *See Pete Wall Plumbing Co. v. Harris*, 266 N.C. 675, 147 S.E. 2d 202 (1966); *Smith v. Gulf Oil Corp.*, 239 N.C. 360, 79 S.E. 2d 880 (1954); *Irvin v. Harris*, 182 N.C. 647, 109 S.E. 867 (1921). This rule was applied in *Davis v. Hargett*, 244 N.C. 157, 92 S.E. 2d 782 (1956). In that case our Supreme Court held that a demurrer was properly sustained when the plaintiff alleged that he had a claim for personal injury based on negligence and the defendant by undue influence forced him to accept a settlement which was much less than the claim was worth. The defendant was not a party to the plaintiff's negligence claim. The plaintiff accepted payment on the settlement agreement and sued the defendant for the difference between the amount he was paid and what he contended his negligence claim was worth. The Supreme Court said that when the plaintiff was no longer subject to the undue influence of the defendant and elected not to attempt to rescind the settlement agreement he could not then sue the defendant. The Court said that to hold otherwise would allow the plaintiff to keep the benefit of the settlement he had negotiated and to recover indirectly on the same claim against the defendant.

This Court dealt with an election in *Douglas v. Parks*, 68 N.C. App. 496, 315 S.E. 2d 84, *disc. rev. denied*, 311 N.C. 754, 321 S.E. 2d 131 (1984). In that case the plaintiff sued the defendant for legal malpractice based on what he alleged was the defendant's negligence in prosecuting a personal injury claim. The evidence showed that a directed verdict had been entered against the plaintiff on his personal injury claim. An attorney was then associated with the plaintiff's attorney, a motion was made to vacate the judgment and the case was settled by the payment of $4,452. The plaintiff then brought the action against the defendant for his negligent representation of him. This Court affirmed a directed verdict for the defendant stating that the plaintiff had the option either to rescind or to affirm the settlement and by electing to affirm he was barred from suing the defendant.

We believe we are bound by *Davis v. Hargett, supra,* and *Douglas v. Parks, supra,* to affirm the judgment of the superior court. As we read those cases if a party contends that he or she was deprived of a legal claim because of the action of another and he pursues the claim against the original defendant he cannot then make a claim against the party he says caused him to lose all or part of the original claim. This is so even if the settlement the plaintiff is able to make on the original claim is not as good as it would have been if there had been no wrongful action by the third party. In this case the plaintiff contends she had a claim for permanent alimony which was lost by the negligence of the defendant. She then retained another attorney who filed a counterclaim for alimony. The alimony agreement negotiated by the defendant was rescinded and a second alimony agreement signed. By pursuing her claim for alimony against her husband the plaintiff lost her right to make a claim against the defendant for his negligence in representing the plaintiff in her original alimony claim.

The appellant contends that by negotiating a new alimony agreement she was merely mitigating her damages. She argues that it should not be the law that she should have to relinquish her claim for alimony entirely in order to bring an action against the defendant. If this were a case of first impression we might agree with the plaintiff but we are bound by *Davis* and *Douglas*.

Affirmed.

Judges EAGLES and PARKER concur.