TOMMY J. KING, DAVID B. KING, STEVEN J. KING, AND SALLY MELISSA KING, MINOR, BY HER GUARDIAN AD LITEM, WALTER BRODIE BURWELL, PLAINTIFFS v. CRANFORD, WHITAKER & DICKENS, A NORTH CAROLINA PARTNERSHIP, DWIGHT L. CRANFORD, CARY A. WHITAKER, BRADLEY A. ELLIOTT, WENDELL C. MOSELEY, HOWARD A. KNOX, JR., ROBERT D. KORNEGAY, JR., AND KNOX AND KORNEGAY, A NORTH CAROLINA PARTNERSHIP, DEFENDANTS

No. 896SC133

(Filed 7 November 1989)

**Election of Remedies § 4 (NCI3d) — malpractice action — participation in declaratory judgment action — no election of remedies**

> When the executor of an estate brought a declaratory judgment action to determine distribution pursuant to a codicil, and plaintiffs were named as defendants in that action, their participation in the declaratory judgment action and ultimate settlement of their claim against the estate were made necessary by the actions of others and were not an election of remedies; therefore, plaintiffs were free to pursue their legal malpractice claim against attorneys who represented them as defendants in a prior caveat proceeding which ended unfavorably to them and declared the codicil to be valid.

**Am Jur 2d, Attorneys at Law §§ 197 et seq.**

APPEAL by plaintiffs from *Brown (Frank R.), Judge.* Judgment entered 26 October 1988 in Superior Court, HALIFAX County. Heard in the Court of Appeals 13 September 1989.

This is an action for legal malpractice. Plaintiffs allege that defendant-attorneys negligently represented them in a challenge to a codicil to a will. The facts of that underlying case are set

out in full in *In re Will of King*, 80 N.C. App. 471, 342 S.E.2d 394, *disc. rev. denied*, 317 N.C. 704, 347 S.E.2d 43 (1986). In brief, at his death on 9 August 1983, Emmett J. King left a will and related trust agreement, both executed on 12 February 1982, and a codicil executed the day of his death. He also left a Corporate Stock Redemption Agreement with his business partner, providing that upon the death of one partner, the other partner would purchase the deceased's company stock. The codicil changed the distribution made in the will, the related trust and the stock redemption agreement.

Plaintiffs petitioned the clerk of Superior Court to probate the will. King's eldest daughter and grandson filed a caveat and put forth the codicil for probate. The clerk admitted the will alone to probate, but given that a factual issue was raised, transferred the matter to Superior Court for trial before a jury. In that caveat proceeding, plaintiffs here were named defendants and were represented by defendant-attorneys here. The jury declared the codicil to be valid. That verdict was affirmed by this Court and discretionary review was denied by the Supreme Court.

Following the jury's declaration of the codicil's validity, the Executor of Emmett King's estate, Planters National Bank & Trust Company, filed a declaratory judgment action alleging that the Executor "understands and is prepared to administer the estate according to the terms of the Will since the terms thereof are clear but the terms of the Codicil are not clear." The Executor requested that the court interpret the terms of the codicil since "the Codicil purports to devise property contrary to the terms of the Will and the Petitioner is uncertain as to the meaning of the terms of the Codicil." Anyone who might have received property under the will, codicil and trust agreement was joined as a defendant in the declaratory judgment action. During preparation for trial, the parties settled the dispute and agreed upon a distribution of Emmett King's estate different from that set out in either the will or codicil.

In this malpractice action, plaintiffs allege that defendant-attorneys negligently represented them in the caveat proceeding. Plaintiffs allege defendants were negligent in failing to properly prepare for or represent them at trial. Among other allegations of negligence, plaintiffs allege that defendants failed to present any evidence from Clara "Dee" King, the daughter, who was an

attorney, who drafted the codicil and was responsible for its execution. Plaintiffs allege that defendant-attorneys' malpractice caused them to receive less from Emmett King's estate than they would have received had the codicil been found invalid at the caveat proceeding.

Defendants moved for summary judgment and their motion was granted. From the order granting defendants' motion, plaintiffs appeal.

*Beskind & Rudolf, by Donald H. Beskind and Andrea A. Curcio, for plaintiff appellants.*

*Baker, Jenkins & Jones, by Ronald G. Baker, for defendants Bradley A. Elliott and Wendell C. Moseley; Battle, Winslow, Scott & Wiley, by J. Brian Scott, for Cranford, Whitaker & Dickens, a North Carolina Partnership, Dwight L. Cranford and Cary A. Whitaker; and Valentine, Adams, Lamar, Etheridge & Sykes, by William D. Etheridge and L. Wardlaw Lamar, for defendants Howard A. Knox, Jr., Robert D. Kornegay, Jr., and Knox and Kornegay, a North Carolina Partnership.*

ARNOLD, Judge.

Plaintiffs contend the trial court erred in granting defendants' motion for summary judgment. Plaintiffs argue that they did not elect their remedy by agreeing to a settlement of the declaratory judgment action.

Summary judgment is appropriate when there is no genuine issue as to any material fact and a party is entitled to a judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56. The parties to the malpractice action agreed on a set of stipulated facts for purposes of the summary judgment motion, so there is no genuine issue as to any material fact. Defendants' motion raises the question whether, on the stipulated facts, defendants are entitled to judgment as a matter of law.

The legal issue raised on defendants' motion is whether plaintiffs elected their remedy by settling the declaratory judgment action filed by the Executor of Emmett King's estate. Defendants argue this case is controlled by two decisions of this Court: *Douglas v. Parks*, 68 N.C. App. 496, 315 S.E.2d 84, *disc. rev. denied*, 311 N.C. 754, 321 S.E.2d 131 (1984), and *Stewart v. Herring*, 80 N.C. App. 529, 342 S.E.2d 566 (1986). In *Douglas*, plaintiff hired an at-

torney to pursue a personal injury claim arising from an automobile collision. The case went to trial, but a directed verdict was entered against the plaintiff. Plaintiff next retained additional counsel to assist the original attorney. Together, counsel filed a motion to vacate the judgment and award a new trial. Before the motion was heard, plaintiff settled his personal injury claim. Plaintiff next filed a malpractice action against his original attorney, alleging that if the original attorney had provided adequate representation at trial, plaintiff would have recovered damages at trial. This Court affirmed a directed verdict in favor of the attorney-defendant, stating that plaintiff had the option to rescind or affirm the settlement and his election to affirm it precluded him from bringing the malpractice action. *Id.*

In *Stewart*, plaintiff retained the defendant-attorney to represent her in an action for alimony. The action was settled when the plaintiff signed a separation agreement which relinquished any claim for alimony. Plaintiff's husband then sued plaintiff for divorce. Plaintiff, believing she was entitled to alimony, hired new counsel and counterclaimed for alimony and to set aside the first separation agreement. Plaintiff negotiated a new agreement for alimony and settled her claim against her husband under a consent judgment in which the marital property was distributed and plaintiff's counterclaim dismissed. Plaintiff then filed a malpractice claim against her first attorney for failure to obtain alimony in the first agreement. The trial court granted summary judgment in favor of the attorney-defendant. This Court affirmed on the basis of *Douglas v. Parks and Davis v. Hargett*, 244 N.C. 157, 92 S.E.2d 782 (1956), writing:

> As we read those cases if a party contends that he or she was deprived of a legal claim because of the action of another and *he pursues the claim against the original defendant* he cannot then make a claim against the party he says caused him to lose all or part of the original claim. This is so even if the settlement the plaintiff is able to make on the original claim is not as good as it would have been if there had been no wrongful action by the third party.

*Stewart*, 80 N.C. App. at 531, 342 S.E.2d at 567 (emphasis added).

The circumstances of this case are distinct from those in *Douglas* and *Stewart*. The plaintiffs in *Douglas* and *Stewart* each brought a claim for monetary relief. Then, when their claims were af-

fected by their attorneys' alleged negligence, the plaintiffs chose to reassert and settle their original claims. Those plaintiffs could have chosen instead to sue their attorneys for malpractice.

In this case, the plaintiffs did not have these options. The declaratory judgment action was brought by the Executor of King's estate pursuant to N.C.G.S. § 1-254, which in pertinent part provides:

> Any person interested under a . . . will . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder.

The plaintiffs here were named defendants in that action pursuant to N.C.G.S. § 1-260, which in pertinent part provides:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . .

The plaintiffs here did not choose to pursue their underlying claim rather than their malpractice action. Their participation in the declaratory judgment action and ultimate settlement of their claim against the estate were made necessary by the actions of others and were not an election of remedies. Plaintiffs are free to pursue their legal malpractice claim. The summary judgment order is reversed.

Reversed and remanded.

Judges BECTON and COZORT concur.