WILLIAM Z. McCABE, Executor of the Estate of LOLA B. McCABE, Deceased v. DONALD M. DAWKINS and PITTMAN, PITTMAN AND DAWKINS, P.A.

No. 883SC1377

(Filed 20 February 1990)

**Election of Remedies § 1.1 (NCI3d) — declaratory judgment action to construe will — malpractice action against attorney — no election of remedies**

Settlement of a declaratory judgment action to construe a will was not an election of remedies, and plaintiff could therefore sue an attorney for negligent will drafting.

**Am Jur 2d, Attorneys at Law § 236; Election of Remedies §§ 19, 25.**

APPEAL by plaintiff from order entered 30 August 1988 by *Judge Richard D. Boner* in CARTERET County Superior Court. Heard in the Court of Appeals 23 August 1989.

*McLeod, Senter & Winesette, P.A., by William L. Senter, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Susan K. Burkhart, for defendant-appellees.*

GREENE, Judge.

Plaintiff-executor appeals the trial court's grant of summary judgment for defendants in his action against defendants for legal malpractice. Plaintiff is the executor of a will which individual defendant attorney Donald M. Dawkins ("Dawkins") drafted. The will purported to create a trust, but omitted a granting clause to fund the trust. If the trust were valid, the trust would distribute assets to a group of beneficiaries which would include unborn and unnamed beneficiaries who are different from the group of beneficiaries who would take if the trust were not valid. Both groups of beneficiaries claimed assets included in the will. To determine validity of the trust and distribution of property, plaintiff brought a declaratory judgment action in which potential beneficiaries were named as parties. The potential beneficiaries settled the dispute and entered a consent judgment to distribute the assets. Plaintiff then brought this suit against individual defendant and his law

McCABE v. DAWKINS

[97 N.C. App. 447 (1990)]

firm, alleging legal malpractice in drafting. Plaintiff sought damages for expenses incurred in bringing the declaratory judgment action, and for attorneys fees in the malpractice action. Defendants answered plaintiff's complaint, asserting the doctrine of election of remedies as a defense to plaintiff's claim. Defendants moved for summary judgment, and the trial court granted judgment for defendants based on the settlement agreement and consent judgment to distribute the assets.

---

The sole issue presented on appeal is whether settlement of a declaratory judgment action to construe a will is an election of remedies so that plaintiff cannot sue an attorney for negligent will drafting.

Although the court granted summary judgment for defendants, the parties do not argue that any issue of fact is in dispute in this case. Our only inquiry is whether defendants are entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56 (1983).

Generally, a plaintiff is deemed to have made an election of remedies and therefore estopped from suing a second defendant only if he has sought and obtained final judgment against a first defendant *and* the remedy granted in the first judgment is repugnant or inconsistent with the remedy sought in the second action. *Lamb v. Lamb*, 92 N.C. App. 680, 685, 375 S.E.2d 685, 687-88 (1989). The purpose of the doctrine of election of remedies is to prevent more than one redress for a single wrong. *Lamb*, at 685, 375 S.E.2d at 687 (citation omitted). Accordingly, we must determine whether the resolution of the declaratory judgment action granted plaintiff relief which is inconsistent with the malpractice action against these defendants. Settlement of or judgment on the first action is inconsistent with suit in the second action when the relief demanded in the second action is a continuation of relief sought in the first action, *Stewart v. Herring*, 80 N.C. App. 529, 531, 342 S.E.2d 566, 567 (1986); *Douglas v. Parks*, 68 N.C. App. 496, 498, 315 S.E.2d 84, 86, *review denied*, 311 N.C. 754, 321 S.E.2d 131 (1984); *Davis v. Hargett*, 244 N.C. 157, 163, 92 S.E.2d 782, 786 (1956), or if relief sought in the first action can redress the damage claimed in the second action. *Pritchard v. Williams*, 175 N.C. 319, 322, 95 S.E. 570, 571 (1918) (the court's power to determine the existence and terms of a testamentary trust for remaindermen in the first action does not include the authority or power to award possession of the trust property, as requested in the second action). A second

McCABE v. DAWKINS

[97 N.C. App. 447 (1990)]

action is a continuation of the first action when plaintiff seeks to recover some alleged deficiency in the settlement or judgment of the first action. *Stewart*, at 531, 342 S.E.2d at 567; *Douglas*, at 498-99, 315 S.E.2d at 86; *Davis*, at 163, 92 S.E.2d at 786. If plaintiff accepts settlement, or judgment is rendered on his demand in the first action, such acceptance or judgment is a *final* redress of that action, regardless of whether the amount of relief is what plaintiff requested. *Stewart*, at 531, 342 S.E.2d at 567, *Douglas*, *Davis*, at 163, 92 S.E.2d at 786.

Relief rendered by a record court in a declaratory judgment action has the "force and effect of a final judgment . . ." N.C.G.S. § 1-253 (1983). The nature of the relief is a declaration of "rights, status, and other legal relations [regardless of], whether . . . further relief is or could be claimed." *Id*. Declaratory judgment affords the appropriate procedure to "alleviat[e] uncertainty in the interpretation of written instruments" and to clarify litigation associated with an actual controversy. *Bellefonte Underwriters Ins. Co. v. Alfa Aviation, Inc.*, 61 N.C. App. 544, 547, 300 S.E.2d 877, 879, *aff'd*, 310 N.C. 471, 312 S.E.2d 426 (1984). The essential distinction between a declaratory judgment action and any other action for relief is that a declaratory judgment action may be maintained without actual wrong or loss as its basis. *Newman Mach. Co. v. Newman*, 2 N.C. App. 491, 494, 163 S.E.2d 279, 282 (citation omitted), *reversed on other grounds*, 275 N.C. 189, 166 S.E.2d 63 (1969). A declaratory judgment cause of action did not exist at common law because common law only redressed private wrongs and crimes. *Id.*, at 495, 163 S.E.2d at 282.

The tort of professional malpractice provides monetary relief for negligent rendering of professional services, in this case, legal services, which proximately causes damage to a client. *Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). Damage claimed may take the form of attorney's fees incurred in a previous action, if the damages result from a tortious act of the present defendant-attorney. *See* 22 Am. Jur. 2d §§ 618-620 (2d ed. 1988); *Campus Sweater & Sportswear Co. v. M. B. Kahn Const. Co.*, 515 F.Supp. 64, 110 (D.C.S.C.), *aff'd without opinion*, 644 F.2d 877 (1981).

The relief from ambiguity that the estate received in the declaratory judgment, a clarification of the will, is consistent with the relief requested in this malpractice action against the attorney alleged to be negligent in drafting the very agreement on which

plaintiff had to bring a declaratory judgment action. In fact, the expenses which the estate incurred in obtaining the declaratory relief, the sole relief sought in the malpractice action, could not be recovered from the attorneys by the estate in the declaratory judgment action. The expenses can be recovered, if at all, only in this malpractice action. It is consistent first to allow the parties interested in the will to resolve the declaratory judgment action and then to allow the estate to pursue reimbursement for the expenses caused by that action.

Therefore, we conclude defendant was not entitled to summary judgment and plaintiff is free to pursue his malpractice claim against defendant on behalf of the estate.

Vacated and remanded.

Judges JOHNSON and EAGLES concur.