MARY ANNE SUMMER, PLAINTIFF v. WILLIAM J. ALLRAN, III AND ALLRAN & ALLRAN, DEFENDANTS

No. 8926SC1114

(Filed 21 August 1990)

**Attorneys at Law § 49 (NCI4th)— attorney malpractice—failure to prove damages**

In an attorney malpractice action in which plaintiff alleged that she suffered lost alimony, reduced child support and an inadequate share of marital property as a result of defendant attorney's negligent preparation of a separation agreement, plaintiff's evidence was insufficient to establish that she sustained any damages proximately caused by defendant attorney's negligence, and a directed verdict was properly entered in favor of defendant attorney and his law firm, where the evidence showed that plaintiff filed suit against her former husband to set aside the separation agreement and for alimony, increased child support and equitable distribution; the separation agreement was set aside; plaintiff's claims for alimony and increased child support were dismissed; and plaintiff and her former husband agreed to a property settlement which was incorporated into a consent order.

**Am Jur 2d, Attorneys at Law §§ 208, 223, 226.**

SUMMER v. ALLRAN

[100 N.C. App. 182 (1990)]

PLAINTIFF appeals from judgment entered 5 June 1989 in MECKLENBURG County Superior Court by *Judge W. Terry Sherrill.* Heard in the Court of Appeals 11 April 1990.

Plaintiff and her former husband, Garry Summer, separated in December 1981 at which time plaintiff contacted defendant William J. Allran, III regarding preparation of a separation agreement. Over the course of several weeks, three drafts of an agreement were prepared and on 5 February 1982 the third and final draft was signed by plaintiff and Garry Summer. Subsequently, plaintiff instituted an action to have the separation agreement set aside and for divorce, alimony, child custody and support, and equitable distribution of the marital property. Plaintiff also brought an action for legal malpractice against defendant Allran and his law firm in December 1983. That action was voluntarily dismissed by plaintiff in October 1985, but was refiled as the present action on 18 September 1986.

Trial of the malpractice action was held during the 22 May 1989 session of Mecklenburg County Superior Court. At the close of the evidence, the trial court granted defendants' motion for directed verdict. Plaintiff appeals.

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge, Jr. and Fred A. Hicks, for plaintiff-appellant.*

*Bailey & Dixon, by David M. Britt, Gary S. Parsons and Alan J. Miles; and Carpenter & James, by James R. Carpenter, for defendant-appellees.*

WELLS, Judge.

Plaintiff argues on appeal that the trial court erred in granting defendants' motion for directed verdict at the close of all the evidence. She contends that the evidence of attorney malpractice was sufficient to go to the jury. For the reasons which follow, we disagree.

In ruling on a motion for directed verdict, the trial court must view the evidence in the light most favorable to the nonmovant, resolving all conflicts in his favor and giving him the benefit of every inference that could reasonably be drawn from the evidence in his favor. *West v. Slick*, 313 N.C. 33, 326 S.E.2d 601 (1985) and cases cited therein. Only where the evidence, when so considered, is insufficient to support a verdict in the nonmovant's favor should the motion for directed verdict be granted. *Id.* Apply-

ing these principles to the present case, defendants are not entitled to a directed verdict unless plaintiff has failed as a matter of law to show actionable negligence. *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E.2d 816 (1981).

In order to show actionable negligence in a legal malpractice action, the plaintiff must prove by the greater weight of the evidence that the attorney breached the duties owed to his client as set forth by *Hodges v. Carter*, 239 N.C. 517, 80 S.E.2d 144 (1954), and that this negligence proximately caused damage to the plaintiff. *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E.2d 355 (1985). Specifically, when a plaintiff brings suit for legal malpractice, plaintiff must show that but for the negligence of defendant, plaintiff would have suffered no "loss." In order to meet this burden, plaintiff must prove three things: (1) that the original claim was valid; (2) it would have resulted in a judgment in plaintiff's favor; and (3) the judgment would have been collectible. *Id.; see also Bamberger v. Bernholz*, 326 N.C. 589, 391 S.E.2d 192 (1990) (*reversing* 96 N.C. App. 555, 386 S.E.2d 450 (1989) for reasons stated in dissenting opinion of Lewis, J.).

In this case plaintiff contends that, as a result of negligent legal representation by defendant Allran and his law firm, she suffered "loss" in the form of lost alimony, reduced child support, and an inadequate share of the couple's marital property. Plaintiff's contentions must fail, however, because the record reveals that plaintiff's claims have already been addressed and that, in fact, the resulting judgments either were not in plaintiff's favor or were settled by mutual agreement between plaintiff and Garry Summer. Plaintiff testified that a few months after signing the separation agreement drafted by defendant Allran, she filed suit against her former husband in Mecklenburg County. In that action, plaintiff asked for equitable distribution of marital property, temporary alimony and "subsistence" and for the separation agreement to be set aside. The case was transferred to Gaston County. An order was issued in Gaston County dismissing the claims for temporary alimony and "subsistence" and granting the claim for setting aside the separation agreement. A subsequent order dated 7 April 1983 was also entered in Gaston County. It addressed issues including custody, possession of the marital residence until the minor child entered college, and a timetable for the sale of two residences (the marital home and a rental house) owned by plaintiff and Garry Summer. The order also stated that pending sale of the residences,

Garry Summer would receive the rental income and apply it to monthly payments against the residences in satisfaction of plaintiff's obligation toward the encumbrances, and ordered that upon the sale of either of the residences, the proceeds from the sale would be distributed in accordance with the provision of the separation agreement. No other order was entered in that case and plaintiff did not appeal from any of the trial court's rulings. Finally, there was also testimony by Martin Brackett, Garry Summer's divorce attorney, to the effect that at some point in November 1984 an agreement was reached between plaintiff and Garry Summer concerning various aspects of their property settlement. This agreement was reached prior to final hearing on the matters and became part of a consent order entered with the court in June 1985.

On these facts we must agree with the trial court that the evidence, even when taken in the light most favorable to plaintiff, is insufficient to establish that negligence on the part of defendants was the proximate cause of any damages sustained by plaintiff. Rather, the evidence shows that plaintiff was, in fact, unable to prevail with regard to two of her claims—alimony and increased child support—that she in effect "settled" the equitable distribution claim by reaching an out-of-court property agreement which was later incorporated into a consent order. By entering into the consent order disposing of her property claims against her former husband, plaintiff lost her right to assert a negligence claim against defendants concerning distribution of marital property. *See Stewart v. Herring*, 80 N.C. App. 529, 342 S.E.2d 566 (1986); *Compare McCabe v. Dawkins*, 97 N.C. App. 447, 388 S.E.2d 571 (1990). Proximate cause being necessary to establish actionable negligence, plaintiff's failure to show proximate cause entitled defendants to a directed verdict as a matter of law.

Affirmed.

Judges EAGLES and GREENE concur.