ROSA E. SWAIN v. KEVIN M. LEAHY and CHARLES MOORE, doing business
as Leahy & Moore, Attorneys at Law

No. 926SC472

(Filed 7 September 1993)

**Election of Remedies § 2 (NCI4th)— three tortfeasors—action against
one barred by statute of limitations—settlement with remain-
ing two—malpractice claim against attorneys not barred by
doctrine of election of remedies**

Plaintiff's malpractice action against defendant attorneys
was not barred by the doctrine of election of remedies where
plaintiff was injured in an automobile accident; defendants
failed to institute suit against one of the tortfeasors within
the applicable statute of limitations; plaintiff accepted a settle-
ment from the other two joint tortfeasors and signed a general
release; and plaintiff's claims against the tortfeasors for
negligence and against defendants for malpractice were not
inconsistent, as they were two separate claims. Furthermore,
the release signed by plaintiff did not constitute an election
of remedies, since she did not sign the release discharging
other claims until after her claim against one tortfeasor had
already been barred by the statute of limitations, and plaintiff
could not have released a claim she was already precluded
from bringing by defendant's negligence.

**Am Jur 2d, Election of Remedies §§ 8-13.**

Appeal by plaintiff from order granting summary judgment
entered 27 February 1992 by Judge Steven D. Michael in Hertford
County Superior Court. Heard in the Court of Appeals 14 April 1993.

*Charles T. Busby for plaintiff.*

*Baker, Jenkins, Jones & Daly, P.A., by Ronald G. Baker and
Roger A. Askew, for defendants.*

LEWIS, Judge.

On 18 April 1990 plaintiff filed a complaint against defendants
alleging negligence in their representation of plaintiff's personal
injury claim. Defendants asserted the doctrine of election of remedies
as a defense, and the trial court granted summary judgment for
defendants on 27 February 1992.

On 20 April 1985, plaintiff, a Hertford County, North Carolina resident, was injured in an automobile collision in Chesapeake, Virginia. When the accident occurred plaintiff was a passenger in an automobile driven by Ida M. Allen and owned by Sarah K. Swain, both residents of North Carolina. Clara McDonald, a Virginia resident, was operating the other vehicle.

Sometime prior to 20 May 1985, plaintiff retained Carter W. Jones, an attorney in defendants' law office, Leahy & Moore, to represent her personal injury claim. Mr. Jones died in August 1986, however. At that time Leahy & Moore undertook to continue to represent the plaintiff in a personal injury action against McDonald. On 7 April 1988 they filed a claim against McDonald in North Carolina, but the action was dismissed for lack of personal jurisdiction. By then plaintiff was precluded from bringing suit in Virginia, where McDonald would have been subject to personal jurisdiction, because Virginia's two-year statute of limitations had expired on 20 April 1987.

Defendants then advised plaintiff to retain another attorney, Donnie R. Taylor, to bring an action against Sarah Swain and Ida Allen in North Carolina, explaining that a conflict of interest prohibited their firm from bringing the action. Taylor stated in his affidavit that he had accepted the case without disclosure from defendant regarding the expiration of the applicable statute of limitations or potential problems with election of remedies. After Taylor filed the claim, the insurance adjuster made an offer to settle the case, and plaintiff accepted a $3,244.04 settlement and executed a general release.

Plaintiff then brought suit against Leahy & Moore, alleging negligence in their representation of her claim against Clara McDonald. Plaintiff now appeals from the trial court's grant of summary judgment as a matter of law in favor of defendants pursuant to N.C.G.S. § 1A-1, Rule 56 (1990).

---

Plaintiff claims she has a valid case for attorney malpractice and that defendants conceded as much in their answer to the complaint. In paragraph seven of their answer defendants admitted that they failed to institute suit against McDonald within the applicable statute of limitations, and in paragraph nine they admitted that plaintiff "probably would have recovered some sum from either Clara B. McDonald or Ida Mae Allen or both." Defendants contend,

however, that by accepting a settlement from two of the joint tortfeasors and by signing a general release, plaintiff satisfied her claim and is thereby barred from bringing a legal malpractice claim against them by the doctrine of election of remedies. The only issue on appeal is whether defendants' affirmative defense of the doctrine of election of remedies applies to preclude plaintiff's claim against them. We find that it does not.

The doctrine of election of remedies generally is invoked to estop the plaintiff from suing a second defendant

> only if [plaintiff] has sought and obtained final judgment against a first defendant *and* the remedy granted in the first judgment is repugnant or inconsistent with the remedy sought in the second action.

*McCabe v. Dawkins*, 97 N.C. App. 447, 448, 388 S.E.2d 571, 572 (1990) (action not barred by doctrine of election of remedies where, following a declaratory judgment action to distribute assets of a will, plaintiff-executor brought a legal malpractice action against defendant-drafter). Inconsistent claims occur when the settlement of or a judgment on a second action would be a continuation of relief sought in the first action. *Id.* The purpose of the doctrine of election of remedies is to prevent double recovery for a single wrong. *Id.*

Defendants contend that plaintiff's settlement of her claim against the other tortfeasors, Ida Allen and Sarah Swain, barred a subsequent malpractice claim against them. According to defendants the claims are inconsistent since plaintiff is "entitled to but one satisfaction on her injury claim and could not pursue both to settlement or judgment." Defendants cite *Douglas v. Parks*, 68 N.C. App. 496, 315 S.E.2d 84, *disc. rev. denied*, 311 N.C. 754, 321 S.E.2d 131 (1984) and *Stewart v. Herring*, 80 N.C. App. 529, 342 S.E.2d 566 (1986) as controlling. *Douglas* and *Stewart* both involve circumstances with a single remedy in an action against a single defendant. The plaintiff in this case had two separate claims. We do not find these cases dispositive under these facts.

Although Rule 20 of the North Carolina Rules of Civil Procedure permits a plaintiff to join defendants in one action when the right to relief arises out of the same action or liability is joint or several, it does not require joinder. N.C.G.S. § 1A-1, Rule 20 (1990). Plaintiff may pursue the tortfeasors in separate suits,

and by doing so plaintiff does not pursue inconsistent claims. *Pryse v. Strickland Lumber & Bldg. Supply, Inc.*, 66 N.C. App. 361, 363, 311 S.E.2d 598, 600 (1984). Unless and until plaintiff receives full satisfaction of a claim, settlement against two of three joint tort-feasors would not bar a claim against the remaining offender. *Bowen v. Iowa Nat'l Mut. Ins. Co.*, 270 N.C. 486, 492, 155 S.E.2d 238, 243 (1967). Plaintiff in this case had cumulative, not inconsistent, remedies. Plaintiff initially had claims against all three joint tort-feasors. Theoretically, settlement with two tortfeasors would not bar a claim against the third. Any judgment subsequently obtained against the third would be reduced by the amount received in settlement. *Surratt v. Newton*, 99 N.C. App. 396, 408-09, 393 S.E.2d 554, 561 (1990). Due to defendants' alleged negligence, however, plaintiff has lost the right to pursue the remaining tortfeasor in this case. We hold that plaintiff may pursue a malpractice action against defendants for the loss of this claim.

Defendants also contend that the release signed by plaintiff constituted an election of remedies because it settled all claims arising out of the accident. We disagree. Plaintiff in the case at hand did not sign the release discharging other claims until after her claim against McDonald had already been barred by the statute of limitations. Plaintiff, therefore, could not have released a claim she was already precluded from bringing by defendants' negligence. *See King v. Jones*, 483 P.2d 815 (1971) (release irrelevant to claim already lost due to statute of limitations, and plaintiffs could sue attorneys for malpractice).

For the reasons stated above, the doctrine of election of remedies is not applicable under the facts of this case. Accordingly, we reverse summary judgment and remand this case for a hearing on the merits.

Reversed and remanded.

Chief Judge ARNOLD and Judge COZORT concur.