An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1441

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014


BONAVENTURE OKAFOR and
UZOMAKA OKAFOR,
     Plaintiffs,

     v.                                Guilford County
                                       No. 12 CVS 10235
DONATUS OKAFOR, NORDICA L.
JEFFERS, RUDOLPH P. JEFFERS,
JR., EMBRACE HOME LOANS, INC.,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
     Defendants.


Appeal by plaintiffs from judgment entered 30 September 2013 by Judge Lindsay R. Davis, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 24 April 2014.


*Law Office of Timothy Gray, by Timothy W. Gray, for plaintiffs-appellants.*

*Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for Nordica L. Jeffers, Rudolph P. Jeffers, Jr., Embrace Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc., defendants-appellees.*

*Benson, Brown & Faucher, PLLC, by Grant Sigmon, for Donatus Okafor, defendant-appellee.*


HUNTER, JR., Robert N., Judge.

Uzomaka Okafor and Bonaventure Okafor (collectively, "Plaintiffs") appeal from an order granting summary judgment in favor of Donatus Okafor ("Defendant Donatus"), Nordica L. Jeffers, Rudolph P. Jeffers, Jr., Embrace Homes, Inc., and Mortgage Electronic Registration System, Inc. (collectively, "the Jeffers Defendants"). Plaintiffs argue: (1) that they did not intend for a prior settlement agreement to apply to the current action; (2) that an attached affidavit within the Jeffers Defendants' summary judgment motion was inadmissible because it violated N.C. R. Civ. P. 56(e); (3) that Defendant Donatus did not raise the election of remedies doctrine as an affirmative defense in his pleadings; and (4) that Defendant Donatus's summary judgment motion was not properly supported because it contains only unverified assertions. After careful review, we affirm.

## I. Factual and Procedural History

On 28 October 2008, property located in Browns Summit, Guilford County ("the Subject Property") was transferred from Wade Jurney Homes, Inc. to Plaintiff Bonaventure Okafor.[1] On 21 January 2011, a deed was recorded that transferred the Subject Property from Plaintiffs to Defendant Donatus for no taxable

---

[1] Plaintiff Uzomaka Okafor is the wife of Bonaventure Okafor.

consideration. On 1 April 2011, another deed was recorded transferring the Subject Property from Defendant Donatus to Defendants Nordica L. Jeffers and Rudolph P. Jeffers, Jr. At the same time, Defendants Nordica L. Jeffers and Rudolph P. Jeffers, Jr. executed a deed of trust in favor of Embrace Home Loans, Inc., that identified Mortgage Electronic Registration Systems, Inc. as a beneficiary of the deed of trust.

Plaintiffs filed a civil action designated 11 CVS 8772 on 21 September 2011 ("the First Action") against Defendant Donatus and the Jeffers Defendants, seeking to have the 21 January 2011 deed set aside on the basis of forgery and to have all subsequent deeds and deeds of trust in the chain of title declared null and void, including the ones involving the Jeffers Defendants. The same day, Plaintiff Bonaventure Okafor filed a separate civil action designated 11 CVS 10024 ("the Second Action") against only Defendant Donatus alleging breach of fiduciary duty, breach of constructive trust, and fraud. Defendant Donatus counterclaimed against Plaintiffs for money owed.

In May 2012, Plaintiffs and Defendant Donatus settled the First Action and the Second Action, entering into a settlement agreement ("the Settlement Agreement"). The Settlement

Agreement provided that Plaintiffs would file a voluntary dismissal as to both the First Action and the Second Action. In return, Defendant Donatus agreed to pay $126,000 to Plaintiffs and to execute a Confession of Judgment against himself so as to secure his performance under the Settlement Agreement. The Confession of Judgment was to be held in trust and not filed unless Defendant Donatus defaulted on his payments. The Jeffers Defendants were not parties to the Settlement Agreement.

On 25 May 2012, Plaintiffs issued a voluntary dismissal of the First Action. On 14 June 2012, Defendant Donatus paid Plaintiffs $30,000 in partial payment of the settlement, which Plaintiffs accepted and retained. Thereafter, Defendant Donatus defaulted on the agreement. On 24 October 2012, the Confession of Judgment was docketed against Defendant Donatus in the amount of $96,000 as a separate civil action designated 12 CVS 9926 ("the Third Action"). Plaintiffs concurrently filed the present action designated 12 CVS 10235 ("the Fourth Action"), against both Defendant Donatus and the Jeffers Defendants, seeking quiet title relief over the Subject Property. Defendant Donatus filed an answer on 25 January 2013, but did not mention the affirmative defense of election of remedies.

On 6 August 2013, the Jeffers Defendants filed a summary judgment motion for the Fourth Action claiming the doctrine of election of remedies barred recovery. This motion was supported by Defendant Donatus's Confession of Judgment and $30,000 partial settlement payment; an affidavit by Julia Pendleton ("the Pendleton Affidavit"), the attorney for Defendant Donatus; and affidavits by the Jeffers Defendants. On 13 August 2013, Defendant Donatus also filed a motion for summary judgment on the basis of settlement and release

On 3 September 2013, a hearing was held on Defendant Donatus and the Jeffers Defendants' summary judgment motions. On 30 September 2013, the trial court granted both motions, finding there was no genuine issue of material fact, and that the doctrine of election of remedies barred Plaintiffs from any additional recovery as a matter of law. The trial court also treated Defendant Donatus's summary judgment motion as a motion to amend his answer to the complaint, thereby incorporating the doctrine of election of remedies affirmative defense into his answer. On 2 October 2013, Plaintiffs gave timely written notice of appeal.

## II. Jurisdiction and Standard of Review

As Plaintiffs appeal from the final judgment of a superior court, their appeal lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2013). "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted).

### III. Analysis

Plaintiffs argue: (1) that they did not intend for the Settlement Agreement to apply to the current action; (2) that an attached affidavit within the Jeffers Defendants' summary judgment motion was inadmissible because it violated Rule 56(e) of the North Carolina Rules of Civil Procedure; (3) that Defendant Donatus did not raise the election of remedies doctrine as an affirmative defense in his pleadings; and (4) that Defendant Donatus's summary judgment motion was not

properly supported because it contained only unverified assertions.

## A. Election of Remedies

Plaintiffs argue they did not intend for the Settlement Agreement to release their claim to the Subject Property once Defendant Donatus defaulted on his payments. Defendants argue the Settlement Agreement shows Plaintiffs elected a monetary remedy in full resolution of the First Action and the Second Action and thus cannot further pursue recovery of the Subject Property. "The purpose of the doctrine of election of remedies is to prevent more than one redress for a single wrong." *McCabe v. Dawkins*, 97 N.C. App. 447, 448, 388 S.E.2d 571, 572 (1990). A plaintiff accepting settlement of an action, or having judgment rendered on his demand of an action, is a final redress of that action, regardless of whether the amount of relief is what plaintiff requested. *Id.* at 449, 388 S.E.2d at 572. When a plaintiff has two remedies, he may choose between them, but he must abide by the result of his choice. *Baker v. Edwards & Son*, 176 N.C. 229, 233, 97 S.E.2d 16, 17-18 (1918).

The Settlement Agreement between Plaintiffs and Defendant Donatus states in part:

> Whereas Plaintiffs and [Defendant Donatus] desire to compromise and settle any and all

> disputes arising out of or in any way connected with the matters described [in the First Action and the Second Action] and the issues involved in the [therein . . . ]

Accordingly, it is evident the Settlement Agreement was intended as a full resolution for the First Action and the Second Action. Furthermore, both parties agreed that Defendant Donatus paid $30,000 in partial payment of the settlement of the First Action and the Second Action; that Plaintiffs accepted and retained this payment; that Defendant Donatus has confessed judgment in favor of Plaintiffs according to the Settlement Agreement; and that Plaintiffs accepted and executed this Confession of Judgment. Additionally, Plaintiffs acknowledge that the current action is essentially a refiling of the First Action and stems from the same wrong of an alleged forged deed.

By accepting and retaining Defendant Donatus's obligation under the terms of the Settlement Agreement, Plaintiffs elected to accept monetary damages as their remedy for the First Action and the Second Action and are thereby barred from pursuing a second remedy of acquiring quiet title over the Subject Property.

When Defendant Donatus failed to make any other payments under the Settlement Agreement, Plaintiffs executed the Confession of Judgment for the remaining $96,000 owed, which

affirmed the terms of the Settlement Agreement as their elected remedy for the First Action and the Second Action. Plaintiffs' inability to collect the remaining $96,000 they are owed by Defendant Donatus does not entitle them to a second remedy for a wrong they have already resolved.[2] *See Smith v. Gulf Oil Corp.*, 239 N.C. 360, 368, 79 S.E.2d 880, 885 (1954) (holding that a plaintiff may not have a double redress for a single wrong). If Plaintiffs recover quiet title over the Subject Property after (i) negotiating and entering into the Settlement Agreement, (ii) accepting the Confession of Judgment, and (iii) retaining the $30,000 partial payment, Plaintiffs would enjoy a double recovery for a single wrong.

Plaintiffs argue they had two separate causes of action: a monetary judgment in the Second Action, and a title judgment in the First Action. However, the Settlement Agreement incorporated and fully resolved *both* of these causes of action by stating its desire to settle any and all disputes concerning the matters and issues involved in the First and Second Actions. When Plaintiffs affirmed the terms of the Settlement Agreement, they forfeited their right to refile the First Action and collect any different remedy other than the monetary one they

---

[2] The remaining $96,000 owed by Defendant Donatus is the subject of the Third Action, which is not at issue here.

already agreed would serve as full compensation for both causes of action. *See Davis v. Hargett*, 244 N.C. 157, 163, 92 S.E.2d 782, 786 (1956) (stating that a plaintiff may not keep the benefit of a negotiated settlement and still recover in a suit on the same action); *Douglas v. Parks*, 68 N.C. App. 496, 498–99, 315 S.E.2d 84, 86 (1984) (affirming that the terms of a settlement bar a plaintiff from suing over the same action). We affirm the trial court's judgment.

## B. The Pendleton Affidavit

Plaintiffs argue that the Pendleton Affidavit attached to the Jeffers Defendants' motion for summary judgment was inadmissible as evidence because it was not based on Ms. Pendleton's personal knowledge, but instead on her beliefs regarding the intentions and mindset of Defendant Donatus.[3] However, Plaintiffs made no objection at the hearing regarding the admissibility of the Pendleton Affidavit. "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not

---

[3] N.C. R. Civ. P. 56(e) states that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

apparent from the context." N.C. R. App. P. 10(a)(1) (2013). This Court will only consider pleadings and other filings that were before the trial court, and appellants are not permitted on appeal to raise new issues for the first time. *See Westminster Homes, Inc. v. Town of Cary Zoning Bd. Of Adjustment*, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001); *Hoisington v. ZT-Winston-Salem Assocs.*, 133 N.C. App. 485, 490, 516 S.E.2d 176, 180 (1999). Therefore, we do not review this issue.

### C. Defendant Donatus's Summary Judgment Motion

### 1. Affirmative Defense Not in the Pleadings

Plaintiffs allege that Defendant Donatus did not plead the doctrine of election of remedies as an affirmative defense in his answer to the original complaint and therefore cannot claim the doctrine as an affirmative defense during summary judgment. However, it is settled law that a defendant may raise a defense for the first time at the summary judgment stage. *See N.C. Nat'l Bank v. Gillespie*, 291 N.C. 303, 306, 230 S.E.2d 375, 377 (1976) ("[U]npleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment.").

The trial court may consider evidence of an unpleaded affirmative defense by either deeming the answer amended to

conform to the evidence, or by allowing formal amendment of the answer prior to considering the proof. *Gillespie*, 291 N.C. at 306, 230 S.E.2d at 377. Here, the trial court chose to do the former when it treated the summary judgment motion itself as a motion to amend the answer. Therefore, we hold the trial court properly considered Defendant Donatus's affirmative defense of the election of remedies doctrine during the summary judgment hearing.

## 2. Verification

Plaintiffs also argue that Defendant Donatus's motion for summary judgment contains only unverified assertions that Plaintiffs deny as being true, and therefore the unverified assertions cannot be enough to support the summary judgment motion. Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 523–24, 649 S.E.2d 382, 385 (2007)). A party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of material fact by the record properly before the court. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975).

"A contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law." *Cleland v. Children's Home, Inc.*, 64 N.C. App. 153, 156, 306 S.E.2d 587, 589 (1983). Here, the Settlement Agreement states in part:

> Whereas Plaintiffs and [Defendant Donatus] desire to compromise and settle any and all disputes arising out of or in any way connected with the matters described [in the First Action and the Second Action] and the issues involved in the [therein . . . ]

The Settlement Agreement is, on its face, unambiguous and clear that it was intended to settle and remedy any and all disputes connected with the First Action and the Second Action. No additional extrinsic evidence was needed for the trial court to find, as a matter of law, that Plaintiffs elected their remedy for the First Action and the Second Action through the Settlement Agreement.[4]  Therefore, we hold Defendant Donatus's motion for summary judgment was properly supported.

## IV. Conclusion

The trial court properly determined that, as a matter of law, the doctrine of election of remedies bars Plaintiffs from recovery in the current action and that no genuine issue of material fact exists in this matter. For the foregoing reasons, the judgment of the trial court is

AFFIRMED.

Judges STROUD and DILLON concur.

Report per Rule 30(e).

---

[4] Similarly, the Pendleton Affidavit was not required to show that the Settlement Agreement fully resolved the First Action and the Second Action.